[No. 8126. Department One. October 19, 1909.]

ANNA SCHELLER *et al.*, *Appellants*, v. PIERCE COUNTY, *Respondent*.[1]

HIGHWAYS—ESTABLISHMENT—PRESCRIPTION. To create a highway by prescription the use or possession must be open, notorious, continuous and adverse; and none is shown where it appears that the use, in all for about eighteen years, was commenced under a temporary grant of a right of way to a county limited to five years, after which time the county refused to expend money because the right of way had expired or was in dispute, until immediately preceding the commencement of the action, over the owners' protest, and that the owners at all times paid taxes thereon, and from time to time maintained gates; since nothing transpired to convert the permissive use into an adverse use.

[1]Reported in 104 Pac. 277.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered January 5, 1909, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to restrain a county from interfering with fences constructed across a temporary right of way. Reversed.

*Lueders & Phelps,* for appellants.

*J. L. McMurray* and *F. D. Oakley,* for respondent.

RUDKIN, C. J.—During the year 1890 the board of county commissioners of Pierce county laid out a public road along the section line between sections 21 and 22, in township 20, north, of range 2 E., W. M. Albert Whyte and wife then owned one hundred and forty-five acres in section 22, abutting on the proposed road. At that time the board did not deem it advisable to construct the new road the entire distance along the section line, because of the expense of bridging a slough adjacent to the Whyte lands. The board therefore procured from Whyte and wife a temporary dedication or grant of a right of way across the above described lands, which appears in the abstract of title in evidence in the following words:

"Do grant, convey and dedicate to the county of Pierce, Washington, for the use of the public as a county road the following lots, pieces or parcels of land, situate, lying and being in the county of Pierce and state of Washington and particularly bounded and described as follows, to wit: Thirty feet on each side of a line described as follows: Beginning at a point 26.21 chains east of the southwest corner of section 22, township 20, north of range 2 east, run N. 37° 30′ W., 7.23 chains, thence N. 16° W. 4.15 chains, thence east 4 chains, thence S. 53° 30′ east 16.30 chains. To have and to hold the said premises unto the said Pierce county and its successors for the use of the public for a term not exceeding five years from the date hereof, at which time said tract shall revert to these grantors."

The road was thereupon constructed over the right of way

described in the foregoing grant, and has been used from that time up to the present. There is testimony tending to show the following facts: The county expended public money in constructing and repairing a bridge across the slough on the Whyte land from time to time, but the greater part of the expenditures were made either during the five-year period covered by the written contract, or over the plaintiffs' protest immediately preceding the commencement of this action. The road has been used for about eighteen years in all by all persons desiring to travel the same. The county, at different times, refused to expend public money on that portion of the road in controversy, either because it had no right of way for the road or because the right of way was in dispute. The plaintiffs and their predecessors in interest have at all times paid taxes on the right of way over their lands, and at different times maintained gates across the right of way to exclude stock. The present action was instituted by the successors in interest of the Whytes, to restrain the county and its officers from tearing down or interfering with fences constructed across the right of way on the Whyte land. The county defended on the sole ground that the *locus in quo* was a public highway, and this is the sole question involved in the case. The court below found that there was a public highway by prescription, as claimed by the county, and dimissed the action. From this judgment, the property owners have appealed.

A highway may exist by prescription in this state. *Smith v. Mitchell*, 21 Wash. 536, 58 Pac. 667, 75 Am. St. 858; *Yakima County v. Conrad*, 26 Wash. 155, 66 Pac. 411; *Seattle v. Smithers*, 37 Wash. 119, 79 Pac. 516. At the same time all the essential elements of adverse possession must be present. The possession or use must be open, notorious, continuous, and adverse. *Shell v. Poulson*, 23 Wash. 535, 63 Pac. 204; *Watson v. County Commissioners of Adams County*, 38 Wash. 662, 80 Pac. 201.

Under the admitted facts in this case, it seems to us that

the use by the public was not adverse or in hostility to the title of the true owners. There was clearly no adverse holding during the period covered by the written contract, and nothing transpired after that time to convert the permissive use into an adverse use, except mere lapse of time. Ordinarily this will not suffice.

"If the use of a way over one's land is shown to be permissive only, no right to use it is conferred, though the use may have continued for a century or any length of time. 'A different doctrine would have the tendency to destroy all neighborhood accommodation in the way of travel; for if it were once understood that a man, by allowing his neighbor to pass through his farm without objection over the pass way which he used himself, would thereby, after the lapse of twenty or thirty years, confer a right on him to require the passage way to be kept open for his benefit and enjoyment, a prohibition against all such travel would immediately ensue. To create the presumption of a grant of a right of way, the circumstances attending its use must be such as to make it appear that it was established for the benefit of the claimant, or that its use was accompanied by a claim of right, or by such acts as manifested an intention to enjoy it, without regard to the wishes of the owner of the land. The use must have been enjoyed under such circumstances as will indicate that it has been claimed as a right, and has not been regarded by the parties merely as a privilege revocable at the pleasure of the owner of the soil.' " Jones, Easements, § 282.

Again:

"If the use of a way was begun under a license to one who afterwards repudiated the license, he can acquire a right by prescription only by use of the way for the period of limitation, after he has repudiated the license, and claim a right in himself, adverse to the owner of the land, with knowledge of such claim and acquiescence in it by the owner of the land." Id., § 284.

"If permissive in its inception, then such permissive character being stamped on the use at the outset, will continue of the same nature and no adverse user can arise until *a distinct and positive assertion of a right hostile to the owner, and brought home to him,* can transform a subordinate and friendly holding into one of an opposite nature, and exclu-

sive and independent in its character." *Pitzman v. Boyce*, 111 Mo. 387, 392, 19 S. W. 1104, 33 Am. St. 536.

See, also, *Nelson v. Nelson*, 41 Mo. App. 130; *Hurt v. Adams*, 86 Mo. App. 73; *Pennsylvania R. Co. v. Hulse*, 59 N. J. L. 54, 35 Atl. 790; 14 Cyc. 1151; *Shell v. Poulson*, and *Watson v. County Commissioners, supra*.

The judgment of the court below is reversed, with directions to enter judgment in accordance with the prayer of the complaint.

CHADWICK, GOSE, MORRIS, and FULLERTON, JJ., concur.