[No. 8118. Department One. November 30, 1909.]

L. M. DENNIS, *Appellant*, v. NELSON GARY, *Respondent*.[1]

HIGHWAYS—PRESCRIPTION—PERMISSIVE USE — EVIDENCE — SUFFICIENCY. A public road by prescriptive use is not shown where it appears that the road was constructed and used almost exclusively as a logging road under written leases, and no public money was spent on it.

SAME—EVIDENCE—ISSUES AND PROOF. In an action to declare a road a public highway by prescriptive use, it is admissible, under a general denial, to show that the use was only permissive under a lease.

Appeal from a judgment of the superior court for Cowlitz county, McCredie, J., entered February 2, 1909, upon dismissing an action for an injunction, after a trial on the merits before the court without a jury. Affirmed.

*Imus & Stone* and *Jeffers & Lenon*, for appellant.
*O'Neill & Leonard*, for respondent.

GOSE, J.—This action was instituted for the purpose of having a certain roadway or logging road declared to be a

[1]Reported in 105 Pac. 172.

public highway, and to enjoin the respondent from obstruct-
ing it. There was a decree for the respondent denying the
relief sought, from which the appeal is prosecuted.

The evidence shows conclusively that the construction of
the roadway commenced in 1896, and that it was completed
in 1897; that it was built as a logging road by placing
poles parallel five or six feet apart so that cars could be
hauled over them, first by horse power and later by means
of an engine; that the parties who constructed and used the
road for the conveyance of logs, and their successors in
interest in the logging business other than the appellant,
used it by permission under written leases until 1907; that it
has been used almost exclusively as a logging road in the
manner stated; that no public money has been expended upon
it; and that it has never been treated or used as a public
highway. The evidence does not show any use of the road
of any magnitude other than by the parties who constructed
it, their successors in interest and employees. The com-
plaint alleged that the road was used by the public for thir-
teen years. This was denied by the answer. The court
permitted the respondent to introduce certain leases in evi-
dence, showing a permissive use of the road. It is contended
that the leases were not admissible as evidence under a gen-
eral denial. The theory of the appellant was that the road
had become a public highway by prescription. Upon a
general denial it was therefore competent to show that the use
had been permissive and not adverse. *Penter v. Staight*, 1
Wash. 365, 25 Pac. 469; *Scheller v. Pierce County*, 55
Wash. 298, 104 Pac. 277. Moreover a permissive use was
abundantly established by competent parol testimony to which
no exception was reserved.

Finding no error in the record, the decree will be affirmed.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ.,
concur.