[No. 18582.  Department Two.  November 21, 1924.]

LULU A. BUCKLEY, *Individually and as Administratrix, Appellant,* v. ROBERT DUNKIN *et al., Respondents.*[1]

COURTS (40)—POWER TO CORRECT ERRORS—JUDGMENT.  Plaintiff having applied to the court to open up, and correct a mistake in a judgment, cannot, after the mistake is corrected, object that the court was without power to do so.

EASEMENTS (6)—PRESCRIPTION—PERMISSIVE USE.  An easement for the use of a driveway on the line between two residence lots was permissive only and is not established by prescription, where its use was under a neighborly agreement without any understanding as to how long it should be continued.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered November 10, 1923, upon findings in favor of the defendants, in an action to establish an easement, tried to the court. Affirmed.

*R. L. Campbell,* for appellant.

*Hamblen & Gilbert,* for respondents.

[1]Reported in 230 Pac. 429.

BRIDGES, J.—In 1899, a Mr. Doerr was the owner of a tract of land thirty-seven and one-half feet in width, facing on one of the streets of the city Spokane, and a Mr. Dornberg was the owner of the adjoining thirty-seven and one-half feet. During that year, each constructed a dwelling on his own land. There was a space of a few feet between the houses which thereafter was used by them for a driveway, which was located in part on the land of each. Later appellant became the owner of one of these tracts of land and respondents the owners of the other. Until about the time this suit was brought, this driveway was used by each owner, and in later years the appellant and respondents jointly constructed an approach to the driveway. In 1921, the respondents refused to permit appellant to use that portion of the driveway which was on their land, and this suit resulted.

After trial, the court entered a judgment enjoining the respondents from in any way interfering with the appellant's use of the driveway. That judgment stated that the driveway was located one-half upon the land of each of the parties. Later the appellant discovered that only eighteen inches of it were on her land and the remainder were on that of the respondents. She then asked the court to correct the judgment in that respect. Testimony was taken showing the exact location of the driveway, and also some testimony was received, over appellant's objection, concerning the agreement between the original owners of the two tracts of land about the driveway. It is admitted that this last mentioned testimony was in substance the same as had been given at the previous hearing.

During the second hearing, the trial court became convinced that its original judgment was erroneous and set it aside and entered the present judgment to the effect that the use of the driveway would be lim-

ited to the personal use thereof by the owners of the respective lands and their families, and that the easement "shall continue only so long as the present improvements upon said respective tracts remain substantially the same as they now are, and that whenever the owner of said tracts shall commence the construction of improvements thereon which shall either substantially change the present structures or which shall necessarily require the use of any portion of said driveway, then the said easement shall forthwith cease and determine."

The appellant contends that the court did not have any right or power to set aside its former judgment and enter another to a contrary effect. We are unable to see any merit in this contention. The case was opened at appellant's invitation, and if the court concluded his judgment theretofore entered was wrong, he not only had a perfect right, but it was his duty, to change it.

Appellant's main contention is that, under the evidence, she was entitled to a judgment establishing an unlimited easement by prescription. The testimony shows that, at the time the original owners built their respective houses, this driveway was agreed on, Mr. Doerr testifying that: "We agreed that we would have the center between the two houses for a mutual drive . . . that we could both use . . .;" that there was no understanding as to how long the use would continue; that he and the other owner were good friends and that "we merely lived together and we used it (the driveway) in common," and that the arrangement was a friendly one between neighbors and there was nothing said about how long either party would be permitted to use the other's land as a part of the driveway: "we simply built the driveway and left space enough so that we could drive."

An easement by prescription can be created only by a use, during the statutory period, which is open, notorious, continuous and adverse. *Scheller v. Pierce County,* 55 Wash. 298, 104 Pac. 277. A prescriptive right cannot grow out of a permissive use, because such a use is not hostile or adverse. The use here had its inception in permission, and there is nothing to show that anything subsequently occurred which converted it into an adverse use. In *Scheller v. Pierce County, supra,* we quoted with approval the following from Jones on Easements:

"If the use of a way was begun under a license to one who afterwards repudiated the license, he can acquire a right by prescription only by use of the way for the period of limitation, after he has repudiated the license, and claimed a right in himself, adverse to the owner of the land, with knowledge of such claim and acquiescence in it by the owner of the land. .   .   . If permissive in its inception, then such permissive character being stamped on the use at the outset, will continue of the same nature and no adverse user can arise until *a distinct and positive assertion of a right hostile to the owner, and brought home to him,* can transform a subordinate and friendly holding into one of an opposite nature, and exclusive and independent in its character."

We think most of the cases cited by appellant are not in point, because in them the easement was not initiated by a permissive use. The judgment is affirmed.

MAIN, C. J., FULLERTON, MITCHELL, and PEMBERTON, JJ., concur.