# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CASEY MURRAY,

　　　　　　　Respondent,

　　　　v.

SAVOTE POLK and RANY MON,
individually and as part of their marital
community,

　　　　　　　Appellants.

DIVISION ONE

No. 82175-0-I

UNPUBLISHED OPINION

DWYER, J. — Savote Polk and Rany Mon appeal from the trial court's determination that their neighbor, Casey Murray, has established a prescriptive easement for a parking space. They contend that the trial court erred in determining that Murray established that her use of the parking space at issue was adverse. Because the trial court made a factual finding that Murray's use of the space was adverse and that finding was supported by substantial evidence, we affirm.

I

Savote Polk and Rany Mon own a residential property in Seattle, located at 4152 41st Ave S. Casey Murray owns the property next door, located at 4154 41st Ave S. Between the properties, there is a parking space over a concrete pad that partially overlaps both properties.

Prior to 2006, the 4154 property belonged to Lew Banchero. One of Banchero's former tenants, Kelly Guy, testified at trial that she regularly used the parking space, and that, although she shared it with the residents of the adjoining property, it was available to her "probably 95 percent of the time." Murray rented the property from Banchero and began using the parking space in 2004, before purchasing the 4154 property from Banchero in 2006. Murray never asked Polk or Mon for permission to use the space.

Between 2009 and 2015, Murray "split time" between California and Washington. During this time period, Murray's family and friends resided at her property and her vehicle remained parked in the parking space. Once, in 2012, Murray noticed that another vehicle was parked in the space. Murray responded by knocking on the neighbor's door and asking the neighbor to move the vehicle, a request with which the neighbor immediately complied. In 2015, Murray moved to California full time and began leasing out her property. She advertised the parking space as available to her tenants. One year after she moved in, Murray's tenant, Sharon Pepe, discovered that a vehicle associated with Polk and Mon was parked in the spot. Pepe and Polk had a verbal exchange and the next day the car was moved.

In May 2019, Polk and Mon extended a fence from their backyard and through the parking space. In November 2019, Murray commenced this lawsuit, seeking a prescriptive easement to the parking space. After a bench trial, the trial court found that Murray's "use of the parking space was adverse to the defendants," and awarded Murray a prescriptive easement to the parking space

for "uninterrupted vehicular parking of Casey Murray, her tenants, and successors-in-title."

Polk and Mon appeal.

II

Polk and Mon contend that the trial court erred by determining that Murray established a prescriptive easement, claiming that Murray failed to prove that her use was adverse. Because substantial evidence supports the trial court's factual finding that Murray's use was adverse, their claim fails.

"To establish a prescriptive easement, the person claiming the easement must use another person's land for a period of 10 years and show that (1) he or she used the land in an 'open' and 'notorious' manner, (2) the use was 'continuous' or 'uninterrupted,' (3) the use occurred over 'a uniform route,' (4) the use was 'adverse' to the landowner, and (5) the use occurred 'with the knowledge of such owner at a time when he was able in law to assert and enforce his rights.'" Gamboa v. Clark, 183 Wn.2d 38, 43, 348 P.3d 1214 (2015) (quoting Nw. Cities Gas Co. v. W. Fuel Co., 13 Wn.2d 75, 85, 123 P.2d 711 (1942)).

We review whether a claimant has established the elements of a prescriptive easement as a mixed question of fact and law. Petersen v. Port of Seattle, 94 Wn.2d 479, 485, 618 P.2d 67 (1980). "A trial court's factual findings will be upheld if supported by the record; the court's conclusion that the facts, as found, constitute a prescriptive easement is reviewed for errors of law." Lee v. Lozier, 88 Wn. App. 176, 181, 945 P.2d 214 (1997).

A

Polk and Mon first contend that the trial court's factual finding that Murray's use of the parking space was adverse to Polk is not a factual finding, but "is really a conclusion of law, and an erroneous one at that."[1] Polk and Mon are incorrect.

Whether use is adverse or permissive is generally a question of fact. Nw. Cities Gas Co.,13 Wn.2d at 84; Imrie v. Kelley, 160 Wn. App. 1, 8, 250 P.3d 1045 (2010). Only when the essential facts are not disputed can the question be resolved solely as a question of law. Imrie, 160 Wn. App. at 8.

Here, the essential facts relevant to whether Murray's use of the parking spot was adverse were disputed at trial. Significantly, the extent to which Murray's use of the parking spot prevented Polk and Mon from using the spot was in dispute. Murray, her tenants, and her friends testified that Polk and people associated with Polk did not use the parking spot. In response, Polk testified that he, his guests, and his family members used the space roughly 20 times a year. The trial court found Polk's testimony as to his use of the space to be "not credible" and "in direct conflict with the testimony of Plaintiff's witnesses, all of whom were credible on this point." Thus, whether Murray's use of the land interfered with Polk and Mon's use of the land was an essential disputed fact, which was resolved by the trier of fact in Murray's favor. The trial court's factual finding that Murray's use was adverse was an appropriately entered factual

---

[1] Br. of Appellant at 25.

finding. Because the facts were in dispute, the question could not be resolved as a legal question; fact finding was necessary.

B

Polk and Mon next aver that Murray failed to establish that Murray's use of the parking space was adverse to Polk. Because there is evidence in the record sufficient to persuade a rational, fair-minded person that Murray's use of the parking space was adverse, we disagree.

Given that the trial court made a factual finding that Murray's use was adverse, our "review is limited to determining whether substantial evidence supports the trial court's findings of fact and whether those findings support the court's conclusions of law." Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc., 168 Wn. App. 56, 63, 277 P.3d 18 (2012). "'Substantial evidence' is a quantum of evidence sufficient to persuade a rational, fair-minded person that the premise is true." Newport, 168 Wn. App. at 63-64 (citing Wenatchee Sportsmen Ass'n v. Chelan County, 141 Wn.2d 169, 176, 4 P.3d 123 (2000)). We do not substitute our judgment for that of the trial court regarding witness credibility or evidentiary weight. Quinn v. Cherry Lane Auto Plaza, Inc., 153 Wn. App. 710, 717, 225 P.3d 266 (2009).

Use of land is adverse when the land use was without the landowner's permission. Gamboa, 183 Wn.2d at 44. When "'it is reasonable to infer that the use was permitted by neighborly sufferance or acquiescence,'" courts begin with the presumption "that when someone enters onto another's land, the person 'does so with the true owner's permission and in subordination to the latter's

title.'" Gamboa, 183 Wn.2d at 44 (quoting Roediger v. Cullen, 26 Wn.2d 690, 707, 175 P.2d 669 (1946); Nw. Cities Gas Co., 13 Wn.2d at 84). "Washington cases have adopted individual presumptions for different reasons, with policies of varying strength behind them. Some shift the burden of production, while others shift the burden of persuasion." In re Estate of Langeland, 177 Wn. App. 315, 324, 312 P.3d 657 (2013).

Here, the relevant presumption is overcome when the facts demonstrate that the use was "adverse and hostile to the rights of the owner." Gamboa, 183 Wn.2d at 45. "For a claimant to show that land use is 'adverse and hostile to the rights of the owner' in this context, the claimant must put forth evidence that he or she interfered with the owner's use of the land in some manner." Gamboa, 183 Wn.2d at 52.

1

Polk and Mon aver that they were entitled to a presumption that Murray's use was permissive because, under the circumstances, there was a reasonable inference of neighborly sufferance or acquiescence, and Murray failed to overcome that presumption. We disagree. Even assuming that the circumstances indeed gave rise to a reasonable inference of neighborly sufferance or acquiescence, Murray presented evidence at trial from which a rational, fair-minded person could infer that her use of the parking space interfered with Polk and Mon's use of the space, thus overcoming the presumption of neighborly acquiescence by demonstrating use that was adverse and hostile to Polk and Mon.

Murray testified that she began using the parking spot as a tenant in 2004, without permission from Polk or Mon. She testified that she consistently parked in the spot, including during a time period in which she was splitting time between California and Washington. This was between 2009 and 2015. A neighbor, Rhonda Banchero, testified that Murray's car was always parked in the parking space until Murray rented the home (and the parking space) to Sharon Pepe in 2016. Murray also testified that a silver vehicle visible in multiple aerial photographs taken between 2007 and 2015 was her 1992 Honda Accord. Murray further testified that, on one occasion in 2012, she noticed another vehicle parked in the parking space. This caused Murray to knock on the neighbor's door and instruct the neighbor to move the vehicle. The neighbor immediately complied. Moreover, Murray's former tenant, Sharon Pepe, testified that she consistently used the parking space when she resided at Murray's property between 2016 and 2019. According to Pepe, after she had lived at the property and parked in the spot for a year, she discovered a vehicle associated with Polk and Mon. Pepe confronted her neighbors and the next day the vehicle had been moved and was not parked there again for the rest of her tenancy. A rational, fair-minded person could conclude from this evidence that Murray's consistent use of the parking space prevented Polk and Mon from using the parking space, defeating the presumption of neighborly acquiescence.

Indeed, the trial court's findings were that, "Ms. Murray testified, credibly, that since 2004, the space has been used by her or her tenants for parking." Finding of Fact 3. Further, "[a]ll of Ms. Murray's tenants and close friends familiar

7

with the property testified consistently with her version of the parking space's use: they always saw her car or her tenants and never saw the defendants using it." Finding of Fact 8. Although Polk testified that he used the spot "roughly 20 times a year," the trial court determined that his testimony was not credible because it was in direct conflict with Murray's witnesses, "all of whom were credible on this point." Finding of Fact 13. These are proper findings for the trial court to make. Because they are supported by substantial evidence or deal with the credibility of a witness or the weight assigned to the testimony and evidence, they will not be disturbed on appeal. See Snyder v. Haynes, 152 Wn. App. 774, 779, 217 P.3d 787 (2009).

2

Polk and Mon also assert that Murray failed to overcome a presumption of permissive use because the use of the land was permissive in its inception. As the court did not determine that the use of the land was permissive in its inception, Polk and Mon are incorrect.

When a court determines that a use of land is "'permissive in its inception,'" it "'cannot ripen into a prescriptive right.'" Gamboa, 183 Wn.2d at 45 (quoting Nw. Cities Gas Co., 13 Wn.2d at 84). As our Supreme Court has explained,

> A land use is "permissive in its inception" when a landowner actually gives a claimant permission to use the land—the claimant's license to use the land can never ripen into a prescriptive right unless the user distinctly asserts that he or she is using the land as of right. Bulkley v. Dunkin, 131 Wash. 422, 425, 230 P. 429 (1924), aff'd, 236 P. 301 (1925). Additionally, we have held that when "the use of [a] pathway [*arises*] *out* of mutual neighborly acquiescence,"

8

the use is deemed "permissive in its inception." Roediger, 26 Wn.2d at 713-14.

Gamboa, 183 Wn.2d at 45.

Here, the trial court did not determine that Murray's use of the land was permissive in its inception. The trial court did not find—nor did Polk or Mon allege—that Murray had used the parking spot with permission. Nor was Murray's use of the parking space the use of a pathway that arises out of mutual neighborly acquiescence. A parking space is not a pathway and, as discussed above, Murray presented evidence sufficient to overcome any presumption of neighborly acquiescence because her use interfered with that of Polk and Mon. Murray's land use was not permissive in its inception. Substantial evidence supported the trial court's factual finding that Murray's use of the land was adverse to Polk and Mon. This finding supports the trial court's determination that a right to a prescriptive easement had been established.[2]

Affirmed.

_____

---

[2] Murray requests an award of costs. Pursuant to RAP 14.2, costs are awardable "to the party that substantially prevails on review." Murray has prevailed. As such, she is entitled to an award of costs on appeal. Upon proper application, a commissioner of this court will enter the necessary order. Murray also requests an award of attorney fees, contending that the appeal is frivolous. The appeal is not frivolous, and Murray is not entitled to an award of attorney fees.

No. 82175-0-I/10

WE CONCUR:

_Cohen, J._          _Mann, C.J._