HENRY SHAFFER, APPELLEE, V. FRED STULL, SR., ET AL., APPELLANTS.

[FILED MAY 6, 1891.]

1. **Trespass:** JUSTIFICATION: BURDEN OF PROOF. When a party cuts down a fence on the lands of another, and afterwards attempts to justify the act on the ground that the fence is within a public road, he must prove by a preponderance of the evidence that the fence at that point was within the limits of a legally established public highway.

2. **Highways:** USER: WILD LAND. The existence of a legal public road over the premises of a private person may be shown by user alone, but in such case the user must have been with the knowledge of the owner and have continued the length of time necessary to bar an action to recover the title to land. This rule, however, does not apply when the user is of wild, uncultivated prairie land. (*Graham v. Hartnett*, 10 Neb., 517.)

3. **Trespass:** INJUNCTION. The defendants have repeatedly torn down plaintiff's fence in order to pass over his lands, and have threatened to continue to do so. *Held*, That the plaintiff is entitled to relief in equity by injunction in order to prevent a multiplicity of suits.

APPEAL from the district court for Cass county. Heard below before CHAPMAN, J.

*B. S. Ramsey*, and *C. S. Polk*, for appellants, cited: *Jerome v. Ross*, 7 Johns. Ch. [N. Y.], 315; *Ross v. Page*, 6 O., 166; *Arnold v. Flattery*, 5 Id., 271; *Kelsey v. Furman*, 36 Ia., 614; *Masters v. McHolland*, 12 Kan., 17; *Cemetery Ass'n v. Menninger*, 14 Id., 312; *Mosier v. Vincent*, 34 Ia., 478; *Brown v. Jefferson Co.*, 16 Id., 339.

*J. B. Strode, contra*, cited cases referred to in opinion.

NORVAL, J.

The appellee, Henry Shaffer, on the 15th day of August, 1887, commenced this action in the Cass county district

court to restrain the defendants from cutting and tearing down the wire fence upon plaintiff's land, and driving across the same with teams.

It is alleged in the petition, that ever since the year 1883, the plaintiff has been, and is now, the sole owner in fee simple of the east one-half of the northeast one-fourth of section 2, in township 12 north, of range 13 east, and lot No. 2 of the northeast one-fourth of said section, and that said real estate is enclosed with a fence, together with the tract of land lying on the east side thereof, belonging to George Fairfield.

"That on or about the first day of April, 1887, and on divers other days between that time and the beginning of this suit, defendants wrongfully cut the wires and destroyed a portion of the wire fence on the west side of said east one-half of the northeast one-fourth of section 2, township 12 north, of range 13 east, and drove across said premises with teams, and used a certain portion of said premises as a public highway, and left the fence open so that stock could enter upon said plaintiff's premises, and injure and destroy the growing crops thereon, and leaving the same open so the public could use the same for traveling across with teams and otherwise; that defendant Fred Stull, Sr., is the owner of the land adjoining plaintiff's said land upon the west side thereof, and that the same is not enclosed with a fence and is not under cultivation; that defendants threaten to continue cutting said fence as aforesaid, and travel across plaintiff's said premises and keep the same open, and to use the same for a public highway, and unless restrained by this court will continue to do so, to the irreparable damage of this plaintiff; that if defendants are allowed and permitted to cut said wire fence, and to throw said fence open and keep the same open, and to travel upon and across plaintiff's said premises as aforesaid, and to continue to do so as if the same was a public highway, where no public highway has been established, and thereby dis-

turb plaintiff's possession of the said premises, the same may ripen into an easement or establishment of a public highway, to the irreparable damage of the plaintiff."

The defendants in their answer admit plaintiff's ownership of the lands, and justify the trespass by setting up that in the year 1858 the board of county commissioners of Cass county established and opened a public highway across the real estate described in the petition, and that said road has never been vacated, but that about the month of April, 1884, the plaintiff unlawfully erected across said public road or highway a wire fence, thereby preventing the defendants and the public from the free use of said road, and has ever since continued to so obstruct and impede the travel over the same.

The answer further alleges in substance, that in the year 1859 another public road was located over and across the lands in dispute, which road intersects and was laid and located over a portion of the public road previously established, and that this road has never been vacated.

For a further answer to the petition the defendants aver that the lands now owned by the plaintiff were owned by the Oreapolis Town Company in 1859, and about said date said company dedicated a portion of said lands to the public for a public highway, that the same has been used by the public as a public highway or road uninterruptedly for more than twenty-five years, until obstructed by the fence built by the plaintiff in 1884.

The plaintiff replied by denying each allegation of new matter contained in the answer. Trial to the court, and a decree was entered for the plaintiff, perpetually enjoining the defendants from cutting, tearing down, or in anywise disturbing the fence on plaintiff's land. The defendants appeal.

The proof shows that at the time the plaintiff purchased the premises in controversy, in the year 1883, they were uninclosed wild prairie lands, and that in the spring of

that year he fenced the same with a post and three-wire fence, plowed the lands, and has each succeeding year planted the same to crops.    The fence has been repeatedly opened or torn down by the defendants, and they have traveled across plaintiff's premises with their teams, and threatened to keep the fence down and travel across said lands, on the ground that the plaintiff had fenced up a public road.

Evidence was introduced by the defendants tending to show that in 1858 and 1859 two highways were located and established across these premises by the county commissioners of Cass county.    The plaintiff attempted to show that these roads were subsequently vacated.    Steps were taken many years ago for that purpose, but whether the proceedings were sufficient, it is unnecessary now to determine, for the reason there was ample testimony in the bill of exceptions, from which the conclusion can be drawn, that the road established by the county commissioners was located over 100 yards south of the point where the defendants opened the fence and traveled.    True, the evidence is conflicting as to the exact location of the road.    The original plat and survey of the road, made by A. B. Smith, the county surveyor, on March 22, 1858, is in evidence, and Mr. Smith, who surveyed the road, testified positively that it was located about 130 yards south of the place where the fence was cut.    The weight of the evidence sustains that theory.    To justify the defendants in the opening of the fence, it devolved upon them to prove by a preponderance of the testimony, that the highway was established and located at that point.    They had no right to remove the fence or travel outside the limits of the road. This conclusion is so well settled that the citation of authorities is not deemed necessary.

But it is claimed by counsel in the brief of defendants that the existence of a legal road across the premises of the plaintiff, and at the point where the fence was cut down, is

established by the uninterrupted travel of the public for more than twenty-five years prior to the time the same was fenced by the plaintiff. It is shown by the evidence that plaintiff's lands, prior to 1884, were wild uncultivated prairie, and had never been fenced. For more than twenty years the public had traveled across the land, but the line of travel varied, and was not confined to a particular place. It does not appear that during the time necessary to bar an action to recover the land, the public traveled across the premises with the knowledge or assent of the owner. This question was involved in *Graham v. Hartnett*, 10 Neb., 517, and was decided adversely to the claim now made by the defendants.

Judge LAKE in the opinion in that case says: "But where it is sought to show the existence of a legal public road by *user* alone, it must have been with the knowledge of the owner, and have continued the length of time necessary to bar an action to recover the title to land, which in this state is ten years. (*Manderschid v. Dubuque*, 29 Ia., 73; *Daniels v. R. Co.*, 35 Id., 129.) This rule, however, does not apply when, as in this case, the user is of wild uninclosed prairie land. (*State v. R. Co.*, 45 Id., 139.) Therefore, the exclusion of the proposed testimony of the witness Riley and others to show *user* was not error, there being no acts nor declarations by Hartnett indicating an intention on his part permanently to surrender the track or tracks as traveled to public use."

In our view the evidence, considered as a whole, fails to establish a public road by user at the place the fence was opened, and that the defendants were trespassers.

It is claimed that the plaintiff has an adequate remedy at law in an action for damages, and that he was not entitled to an injunction. The acts of trespass complained of were of frequent occurrence, and the defendants have threatened to repeat the wrongful acts. The remedy would not be adequate to require the plaintiff to bring an action at

law every time the injury was repeated.    He is entitled to relief in equity by injunction in order to prevent a multiplicity of suits. (3 Pomeroy's Eq. Jur., sec. 1357, and note; *Mills v. N. O. Seed Co.*, 7 Am. St. Rep., 671; *Council Bluffs v. Stewart*, 51 Ia., 385; *Bolton v. McShane*, 67 Id., 207; *Tantlinger v. Sullivan*, 80 Id., 218; *Ladd v. Osborne et al.*, 44 N. W. Rep. [Ia.], 235; *Owens et al. v. Crossett*, 105 Ill., 354.)

The decree of the court below was right and is

AFFIRMED.

THE other judges concur.