[No. 5180.  Decided May 2, 1905.]

E. A. WATSON et al., Appellants, v. THE COUNTY COMMISSIONERS OF ADAMS COUNTY et al., Respondents.[1]

HIGHWAY—PRESCRIPTION—UNOCCUPIED PRAIRIE LANDS—EVIDENCE OF USE—SUFFICIENCY. The evidence is not sufficient to sustain a finding that a highway across wild unoccupied prairie lands had been established by open, notorious, continuous and adverse use since March, 1888, where the only two witnesses to use at that date testified that they thought they had traveled over where the road now is, and that there were some wagon tracks there and on other parts of the land in 1887 or 1888, and where up to 1894 the road was traveled just enough to show that it had been used; since such use will be regarded as permissive, and does not convey reasonable notice of hostility to the owner's title.

[1]Reported in 80 Pac. 201.

Appeal from a judgment of the superior court for Adams county, Neal, J., entered March 1, 1904, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to enjoin the opening of a highway across plaintiffs' land. Reversed.

*Merritt & Merritt,* for appellants.

*C. L. Holcomb* and *O. R. Holcomb,* for respondents.

PER CURIAM.—The defendants were about to open up a public highway over certain lands owned by the plaintiffs, in Adams county, and the plaintiffs instituted this action to enjoin them from so doing. The existence of a public highway across the land in controversy is the sole question at issue. The court below found that the highway in question, particularly describing it, had been used openly, notoriously, continuously, and adversely for more than ten years, and entered a decree establishing the highway, and dismissing the action. The plaintiffs appeal.

It is the settled law of this state that a public highway may be established by prescription, and the sufficiency of the evidence to sustain the findings and judgment is the only question presented on this appeal. The appellants purchased the land in controversy from the Northern Pacific Railway Company in January, 1898, and inclosed the same with a fence in March of the same year, thus obstructing the highway in question, if any existed. It therefore devolved upon the defendants to prove that the highway had been used openly, notoriously, continuously, and adversely from as early a date as March, 1888. In our opinion the defendants wholly failed in this. Of the numerous witnesses who testified, only two were able to go back far enough in their testimony to show the exist-

ence of a highway by prescription. One of these—the witness James Smith—thought he traveled over where the road is now claimed, in the year 1887, and could not say whether there had been a wagon track over it before that time or not. The witness further thought that there was some travel over the road that same year. The testimony of the witness C. N. Smith was substantially the same. He saw some wagon tracks along where the road is now claimed, and over other parts of the same tract of land, in 1887 or 1888. Up to 1894 or 1895 the road was traveled just enough to show that it had been used. The other witnesses testified that the road was used to a greater or less extent from 1889 down to the time of its obstruction, as hereinbefore stated. Up to the time the plaintiffs purchased and fenced the land, in 1898, it was wild, unoccupied, prairie land. The rule of law governing prescriptive rights of way over such lands is thus stated by the supreme court of Illinois, in *O'Connell v. Chicago etc. R. Co.,* 184 Ill. 308, 56 N. E. 355:

"The land in question, being uninclosed prairie land, the rule applies, which has been held by this court in a number of cases, that, where land is vacant and unoccupied and remains free to public use and travel until circumstances induce the owners to enclose it, the mere travel across it, without objection from the owners, does not enable the public to acquire a public road or highway over the same. Such use by the public of vacant and unoccupied land by travel over it, even after the period of twenty years, is regarded merely as a permissive use. Such user continues to be regarded as being by permission of the owner until he does some act, or suffers some act to be done, by way of his asserting his ownership over the land thus used. In other words, there must be something more than mere travel over uninclosed lands by the public, in order to establish a public highway over the same by prescription."

Again:

"In the *McClintock case* [150 Ill. 129, 36 N. E. 976,] it was held that, where a public highway was located on a tortuous line, and where little work was done on it during the years when it was traveled over, and where the work done did not amount to an improvement of a public highway, but was rather for the temporary purpose of travel, the owner of the land could not be charged with notice that such use was under a claim of public right."

See, also, *State v. The K. C. etc. R. Co.*, 45 Iowa 139; *Shaffer v. Stull,* 32 Neb. 94, 48 N. W. 882; *Gulf etc. R. Co. v. Montgomery,* 85 Tex. 64, 19 S. W. 1015; Elliott, Roads & Streets (2d ed.), § 175. This rule seems to be well established. Nor is it in conflict with the prior decisions of this court. In *State v. Horlacher,* 16 Wash. 325, 47 Pac. 748, and *Yakima County v. Conrad,* 26 Wash. 155, 66 Pac 411, the roads in question had been used from fifteen to twenty-five years and public moneys had been expended in their maintenance and repair. *Smith v. Mitchell,* 21 Wash. 536, 58 Pac. 667, 75 Am. St. 858, involved the acceptance of the grant of a right of way for public highways over the public domain. None of these cases involved the question of a prescriptive right over wild, unoccupied prairie lands. While we do not now hold that a right of way by prescription cannot be acquired over wild, unoccupied prairie lands, we do hold that, in order to give a prescriptive right, the use must at least be such as to convey to the absent owner reasonable notice that a claim is made in hostility to his title. It seems to us that any other rule amounts to a practical confiscation of private property for public purposes.

The judgment is reversed, with directions to grant the injunction as prayed.