[No. 5880. Decided December 20, 1905.]

JENNIE RICE et al., Respondents, v. JAMES R. PERSHALL, Appellant.[1]

HIGHWAYS—PRESCRIPTION—USER—FINDINGS—SUFFICIENCY. In a suit to restrain a trespass, justified on the ground that the *locus in quo* was a public highway, a finding that a road "during the last fourteen years has been traveled by the public generally during all of said time, and known by the people in the vicinity as a public highway" is not sufficient to establish a highway by prescription, in the absence of any showing as to the character of the travel, the nature of the country, the number of people using it, or whether the use was permissive or otherwise.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered May 18, 1905, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to enjoin trespassing. Affirmed.

*Belt & Powell,* for appellant.

*George W. Shaefer,* for respondents.

DUNBAR, J.—This action was brought to restrain defendant from trespassing upon lots 2 and 3, of section 20, township 26, range 42 E., W. M., Spokane county, the complaint alleging, that plaintiffs held said lots under a contract of purchase; that the lots were cultivated grounds, and inclosed by a fence; that defendant unlawfully tore down said fence and drove upon said premises with a wagon and team; that defendant threatens to continue to trespass thereon, and that

1Reported in 82 Pac. 1038.

the crops growing thereon are in danger of destruction, etc.; and prays for an injunction and damages. The defendant denied all the allegations of the complaint, and affirmatively alleged that, for more than fourteen years prior to the acts complained of, a public highway had existed over said lots; that he was traveling over said highway and, finding a wire fence across it, cut the wire and drove over said highway, the same being the acts complained of in the complaint.

The reply of the plaintiffs denied all the affirmative matter of the answer, and set up matter by way of estoppel, to the effect that in March, 1904, and divers times thereafter, the defendant made application to the plaintiffs for a private way across said lands, and thereby admitted the superior right and title of plaintiffs in the said land and the ways and road thereon, admitting thereby that he had no right, title, or interest therein; and, further, that defendant had made an application to the board of county commissioners of Spokane county, state of Washington, and filed a bond with said board for a public road on and across plaintiffs' land above described, and that such proceedings are now pending before such board. A trial was had on the 18th day of May, 1905, and the court made and entered findings of fact and conclusions of law as follows:

"(1)   That for about two years last past the plaintiffs have been and now are the owners of the equitable title in lots two and three, section twenty, township twenty-six, north, range forty-two, E., W. M., in Spokane county, Washington, and during said time have been in possession thereof.

"(2)   That for more than fourteen years last past the defendants have been and now are the owners of lots two and five, section twenty-one, township twenty-six, north, range forty-two, E., W. M., and for more than fourteen years last past lived upon and occupied said premises as a home.

"(3.)   That for more than fourteen years last past said defendants have traveled along a road leading from what is known as the Merchant Road, about a mile south of their house, upon their premises, in a northerly direction along and over said lots 2 and 5, said section 21, and thence over

said lot 3, said section 20, which connected with and into what is known as the Lyle Road, running in a northwesterly and southerly direction and crossing what is known as the Lyle bridge, and thence leading towards the city of Spokane.

"(4)   That said road leading from said Merchant Road to said Lyle Road during the last fourteen years has been traveled by the public generally during all of said time known by the people living in that vicinity as a public road.

"(5)   That said lots 2 and 3 during all of said time, until same were purchased by said plaintiffs, as above found, were owned and during a portion of said time occupied by one Anderson, who lived at a point about twenty rods north of where said Pershall Road led into said Lyle Road, and that said Anderson during all of said time knew that same was being used as a public road and never made any objection thereto, and no objection was ever made to the use of said Pershall Road until some time during the month of May, 1904, when the plaintiffs ploughed up a portion of said road and fenced the same in at a point where it leads from said lot 2, section 21, to said lot 3, said section 20.

"(6)   That about four years ago what was known as the Lyle bridge was lowered and the Lyle Road was changed so as to go a few rods further north, and the grade cut down. That during said four years said defendant has traveled over the ground leading from the point where said Pershall Road intersects said Lyle Road about 300 feet north, in order to connect with said Lyle Road, and thence cross said bridge, said 300 feet having been used during said four years by the public generally without objection by the owners thereof until some time during the month of May, 1904, when said plaintiffs placed a fence across the same and forbade the defendant to travel across same.

"(7)   That the said Pershall Road, traveled until fenced and ploughed during the year 1904, as hereinbefore found, crossed that portion of the Anderson land which was not improved by fence or cultivation. That said Anderson had fenced a portion of said lot 2 during the time that he occupied the same.

"As a conclusion of law from the foregoing facts the court finds that the plaintiffs are entitled to judgment against the defendant as follows: (1) That said Pershall Road leading from what is known as the Merchant Road to what is known

. as the Lyle Road is not a public highway, that the public has not acquired prescriptive rights by use of said road, and there has been no adverse use established. (2) That the defendant be perpetually enjoined from entering and trespassing in any way on said road and on lots two and three, section twenty, township twenty-six, range forty-two, Spokane county, Washington. (3) That plaintiffs have sustained damage in the sum of forty dollars, and their costs and disbursements in this action against this defendant."

Upon these findings and conclusions, a decree was made and entered, perpetually enjoining defendant from entering and trespassing in any way on said land, and awarding damages against defendant for $40, and for costs. A motion for a new trial was made and denied. This appeal is from said decree and order denying a new trial, and the sole assignment of error is that the conclusions of law are not justified by the findings of fact.

We think this judgment must be affirmed, under the rule announced by this court in *Watson v. County Commissioners,* 38 Wash. 662, 80 Pac. 201. The only pertinent finding here is, "that said road leading from said Merchant Road to said Lyle Road during the last fourteen years has been traveled by the public generally and during all of said time known by the people living in that vicinity as a public road." We think this is not sufficient to establish a road by prescription. There is nothing in the findings of fact to indicate what kind of a country this land was located in, whether it was a prairie country sparsely settled, whether the road was a highway which was traveled by any great number of people, or whether the public, which is spoken of, consisted of a few people in the neighborhood of the road. Neither is there any showing that there had been any work done on this road by the public, or any other notice to the respondents than the mere fact that the public had traveled the road; or that there had been any attempt to travel the road otherwise than by permission of the respondents. No statement of facts is brought here by which the circumstances surrounding the case can be de-

termined, and there is not sufficient in the findings to rebut
the presumption that the judgment was properly rendered.
We do not wish to be understood as saying that a road can-
not under any circumstances be established by prescription,
but we think that the showing here, as indicated by the find-
ings, is not sufficient.

The judgment is therefore affirmed.

MOUNT, C. J., ROOT, CROW, RUDKIN, FULLERTON, and
HADLEY, JJ., concur.