[No. 10774. Department One. April 1, 1913.]

JOHN J. BRAND et al., Appellants, v. AUGUST LIENKAEMPER
et al., Respondents.[1]

WATERS AND WATER COURSES—EASEMENTS—PRESCRIPTIVE RIGHT—COMMON USE. An easement for the maintenance of a waste ditch, as an outlet for surplus water used in irrigation, which passes by implication by a conveyance of the dominant estate, is established by prescription, where it appears that there has been continuous, uninterrupted use, along a uniform route, adverse to the owner, while he was able in law to assert and enforce his rights, the use being for irrigation; and it is immaterial that the use was common with others.

SAME—CONTINUOUS USE. Whether such a use was continuous depends upon whether it was used at such times as it was needed.

[1]Reported in 130 Pac. 1147.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered December 4, 1911, upon findings in favor of the defendants, in an action for an injunction. Affirmed.

*W. A. Funk,* for appellants.

*Luhman & Clark,* for respondents.

Gose, J.—The single question presented by this appeal is, whether the respondents have acquired an easement by prescription to flow waste water over the premises of the appellants. The court found in favor of the respondents. The respondent Lienkaemper owns a tract of land lying immediately east of the lands of the appellants. A public road has been laid out between the two tracts. The respondent Arpke owns a tract of land immediately to the east of the Lienkaemper tract. Arpke acquired title in 1906. Lienkaemper acquired title in 1905. The appellant acquired title in 1907. The lands of all the parties are arid, and are made productive by means of artificial irrigation. The testimony shows that a natural drain, beginning upon the lands of Arpke, extends through the lands of Lienkaemper and thence through the lands of the appellants, taking a northwesterly course and flowing off their lands at a point near the northwest corner of the same. The testimony also shows that this drain has been used as a ditch for conveying the waste water from the premises of the respondents across the premises of the appellants, thence in a general southwesterly direction for a distance of a half a mile to the Yakima river, since 1893; that during all that time this right has been exercised by the respondents and their predecessors in title, openly, exclusively, continuously, and adversely.

The appellants contend that there can be no tacking of possession, because the easement was not included in the respondents' deeds. It suffices to say that the prescriptive right which began in 1893 was complete when the respondents acquired title, and that the easement passed by implication by

a conveyance of the dominant estate. *Schumacher v. Brand,* *ante* p. 543, 130 Pac. 1145.

The record discloses all the elements of a prescriptive right to use the waste ditch. It was shown that the use has been continuous, uninterrupted, adverse to the owner of the land over which the way is claimed, with the knowledge of the owner while he was able in law to assert and enforce his rights, and that the use has continued over a practically uniform route. This creates a prescriptive title. *Wasmund v. Harm,* 36 Wash. 170, 78 Pac. 777; 14 Cyc. 1148, 1149.

It appears from the record that, in the irrigation of arid lands, waste ditches for the disposition of the surplus water are as necessary as the irrigation itself.

The testimony shows that the appellants at times used the waste ditch in common with the respondents for the purpose of disposing of their waste water. The appellants argue that a user in common with others never ripens into an easement. As we have already said, the prescriptive right to the easement was complete before the appellants acquired title. Moreover, where an easement is appurtenant to an estate, it may be used by all persons having a lawful right to enjoy it. 14 Cyc. 1208-9; *Silva v. Hawn,* 10 Cal. App. 544, 102 Pac. 952; *Hoyt v. Hart,* 149 Cal. 722, 87 Pac. 569. As was said in the *Hart* case:

"It can coexist with a right in the defendant or any one else to use the same waterways, so long as such use does not restrict or interfere with the right owned by the plaintiff."

The controlling question is, Do the respondents own the easement? If so, it is immaterial that others may also have a right to use it.

It is contended that the waste ditch was shifted from place to place by the appellants as their convenience required, and that therefore no right attached in the respondents. This has been sufficiently answered in what we have already said. It may be further remarked, however, that the testimony shows that the ditch has continued since 1893 through a

natural depression in the appellants' land, with no appreciable change of course.

An argument is made that the use has not been continuous. The rule is that, where one uses a waste ditch at such times as he needs it, the law regards the use as continuous. The sufficiency of the continuity must depend largely on the nature of the use. *Hesperia Land & Water Co. v. Rogers*, 83 Cal. 10, 23 Pac. 196, 17 Am. St. 209.

It is also argued that the respondents have recently acquired additional water rights. The court found, and the evidence shows, that there has been no appreciable change in the quantity of waste water.

The judgment is affirmed.

CROW, C. J., CHADWICK, MOUNT, and PARKER, JJ., concur.