GEORGE F. CLARK, APPELLANT, v. MEEKER DITCH COMPANY ET AL., APPELLEES.

FILED JULY 14, 1936.   No. 29679.

*Halligan, Beatty & Halligan* and *Lowell C. Davis,* for appellant.

*Hoagland, Carr & Hoagland* and *F. A. Dutton, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and KROGER, District Judge.

PAINE, J.

Plaintiff brought an action to enjoin the defendants from trespassing upon his land to put a lateral irrigation ditch across it, and for damages therefor. The trial court denied injunction and dismissed plaintiff's action, but decreed that defendant Sadie McCormick had an easement right to a lateral, and enjoined plaintiff from obstructing or interfering with her joint use thereof. Plaintiff appeals.

As the pleadings set out the facts, and the testimony of the witnesses of each party largely supported their allegations, we will set out a brief summary of the pleadings, which were 27 pages in length. George F. Clark filed his petition, and alleged that he is the owner of the northwest quarter of section 36, township 16, range 42, Garden county, Nebraska; that the defendant Meeker Ditch Company owns and operates certain irrigation canals and ditches in said county, and that the three men named as defendants are the board of directors of said ditch company; that the

last-named defendant, Sadie McCormick, is the owner of the southwest quarter of said section 36, adjoining his land on the south. The plaintiff alleges that these defendants are trespassing upon his property by constructing a lateral across his land to the quarter-section lying south thereof and owned by said Sadie McCormick. Plaintiff alleges that no right of way has ever been condemned for said lateral, nor has any right of way been purchased across his land, but unless restrained by the court the defendants will trespass as aforesaid. Plaintiff alleges he has no adequate remedy at law, and is entitled to the injunction prayed for, and asks damages of $200.

The defendant Meeker Ditch Company and its three directors filed an answer, setting out that the three named are its board of trustees. The answer admits that they are the board of directors of said company and that Sadie McCormick owns the southwest quarter of said section, and denies all other allegations in said petition.

For a further answer, the defendant Meeker Ditch Company alleges that the fee title of plaintiff's land, being the northwest quarter of section 36, is in the state of Nebraska, the same being school land, and that it is subject to the provisions of section 46-607, Comp. St. 1929, which gives such ditch company the right to occupy state lands and highways without compensation; that the Meeker Ditch Company was organized to take over the Graff & Meeker Irrigation Canal. The nine incorporators thereof included George F. Clark, the plaintiff, Cal McCormick, deceased, the husband of the defendant Sadie McCormick, and John J. Halligan, who owned land across the road to the west of the land in controversy. The purpose of the incorporation of the Meeker Ditch Company was to take over the Graff & Meeker Irrigation Canal, the nine incorporators being the owners of water rights out of and from said canal, and the purpose was to operate said canal at cost for the mutual benefit of all parties concerned, and not for profit. Said ditch company assumed the obligations as stated in the water deeds issued to the owners of water

rights by the original company. Said company delivered water from its canal at its headgates, and controlled and directed the supply of water, but said company never at any time owned or constructed any laterals, and never agreed to or did·deliver any water to any place save at the headgates along its canal.

The Meeker Ditch Company also alleges that, at the time of the organization of said company, Cal McCormick was the owner and holder of a contract for the purchase from the state of the southwest quarter of section 36, and was also the owner of the southwest quarter of section 25, lying immediately north of the school section 36, and that George F. Clark was the owner of a contract of purchase from the state of the northwest quarter of said section. That water for the irrigation of the said three tracts of land was appropriated for irrigation, under the laws of the state of Nebraska, under an appropriation dated April 2, 1894, and known as docket No. 788, the same being water diverted from Blue creek through the Graff Canal, being the same canal referred to as the Graff & Meeker Irrigation Canal, and being the same canal now owned and operated by the Meeker Ditch Company, which main canal crosses the southwest quarter of section 25 from west to east, and delivered water for the irrigation of all three tracts of land herein described at.a lateral box, or headgate, located on the southwest quarter of section 25, the lateral running first across part of section 25, of McCormick, then across the northwest quarter of section 36, of Clark, and then into the southwest quarter of section 36, of McCormick, and that said three tracts of land have been irrigated by water from said lateral since the construction of the main canal in 1894, without objection or interruption up to the year 1933. That upon the opening of the irrigation season of 1934, the ditch-tender of the Meeker Ditch Company, on request of Sadie McCormick, or her tenant, delivered and turned water for irrigation thereof into the lateral box on the southwest quarter of section 25, but Clark objected to the use of the lateral across his land. The directors en-

deavored to get some kind of an agreement between the plaintiff and Sadie McCormick whereby any difficulty would be avoided and the use of the water be not interrupted, but Clark and the officers of the organization went along the line of said lateral with employees of said ditch company at her request to see that no unnecessary damage was done by plowing out said lateral, which these defendants are informed was wrongfully and unlawfully filled in and interfered with by the plaintiff.

Sadie McCormick, for her answer, denies all of the allegations of plaintiff's petition and some of the allegations in the answer of the Meeker Ditch Company. She alleges that she has an easement and right to use the lateral across the northwest quarter of said section 36, in that the Meeker Ditch Company issued a water deed and agreed to carry water in its canals to the lands of this defendant, and that said water deed has been in existence for more than 20 years, and she alleges that the Meeker Ditch Company has during all of said time cleaned the ditch, and that plaintiff has permitted the Meeker Ditch Company and its employees, and this answering defendant and her employees, to go upon his land for the purpose of cleaning said ditch and making the ditch capable of transporting water to her land. She further alleges in her answer that the plaintiff, in consideration of becoming a party to the Meeker Ditch Company, agreed to receive water for the benefit of his land, and did waive any claim, loss, or damage by reason of laterals, and that said plaintiff, by virtue of this agreement, has used the water which ran across her land and her assignor's, to wit, the southwest quarter of section 25, under a mutual agreement of said parties to have the use of laterals and canals across each other's lands, which has continued for more than 20 years, without any objection, and that the plaintiff received, for the use of the lateral across his land, the use of the lateral across this defendant's land to the north of his land, and he is now estopped to claim that no right existed in the defendant to the use of said land.

Said Sadie McCormick further alleges that the Meeker Ditch Company did construct subsidiary canals and laterals, and did deliver the water through said laterals to her land, and did clean and keep said laterals in working order through their agents, and prays that the plaintiff's petition be dismissed at the cost of the plaintiff.

To these two answers replies were filed by the plaintiff, in which he denies allegations of the Meeker Ditch Company, and charges that the rebuilding of said lateral each year washed the lands of the plaintiff excessively, and it became impossible, without causing irreparable injury, to construct said lateral in the manner previously constructed, and he notified the parties that it would be impossible to accommodate Sadie McCormick any further, and that, in an effort to compromise, he offered to assist in constructing a fill for the purpose of conveying water to the lands by another route. The said plaintiff, in his reply to the answer of Sadie McCormick, denies that she has any easement across his land; denies that any water deed was ever entered into whereby she was to take her water across his land. Plaintiff further alleges that in years past on many occasions, for the accommodation of Cal McCormick and Sadie McCormick, and their tenant, he has permitted them to irrigate the west part of the southwest quarter from the individual lateral belonging to the plaintiff, but the use of said lateral was at all times subject to the control of the plaintiff, and at no time did they ever assert any right, title, or interest in such lateral.

After trial in the district court, in which the evidence of a number of witnesses was taken, and the arguments of the counsel, the trial judge entered judgment, finding generally in favor of each of the defendants and against the plaintiff, but finding that Sadie McCormick has acquired an easement and right to irrigation water carried to her southwest quarter of section 36 through the joint lateral. The court enjoined plaintiff from obstructing or preventing the use of said lateral, as Sadie McCormick or her grantees have acquired a prescriptive right to the use of

said lateral as now located. The district judge thereupon denied the injunction and dismissed plaintiff's petition, and enjoined the plaintiff from interfering with or obstructing the said Sadie McCormick in the use of said joint lateral.

It will be impossible to review all of the oral evidence taken at the trial, but we will comment upon a few points.

The defendants' exhibit No. 1 is the original water agreement signed by the plaintiff, Clark, and the president of the Graff & Meeker Irrigation Company on July 27, 1899. Paragraph 4 of this water agreement provided that the water should be delivered by the company into lateral ditches, and the manner of regulating the supply in such ditches should be at all times under the control of its board of trustees. In the eighth paragraph it was provided that, in case of any dispute between the different holders of water rights, such dispute should be referred to the superintendent or board of trustees, and their decision should be final. In the ninth paragraph the plaintiff waived any claim for loss or damage from leakage of any lateral.

Exhibit 6, attached to the bill of exceptions, is the water deed issued by the same company to Calhoun McCormick, and is dated June 22, 1910. The consideration was $480 for his land lying in sections 25 and 36, and the conditions and terms are much the same as the plaintiff's water deed just referred to.

The plaintiff testifies that the defendant should take water from a lateral along the east line of the northwest quarter of section 36, instead of demanding the right to use the old lateral which ran near the center of said tract of land, but this lateral along the east line was not constructed until many years after the other had been used. For many years the sod was growing in this lateral in dispute, and its banks were well defined, and then in 1933 tractors and plows were run across the lateral and broke down its sides and made it shallow in spots, and naturally it did spread out to quite a width as a result of driving implements over it, which the plaintiff claimed the right to do.

The evidence of the plaintiff shows that at times the course of the lateral in dispute was shifted slightly from year to year, according to the use made of the ground, but this shifting is very similar to that in the case of *Moll v. Hagerbaumer,* 98 Neb. 555, 153 N. W. 560, which concerned a private way across a tract of land in Dodge county, which had been used for more than 40 years. This court said that temporary deviations from a well-defined track do not necessarily affect an easement by adverse user where the travel has followed substantially the same course for more than the statutory period of ten years.

"The law does not, however, make it indispensable that the mode or manner of use should have been precisely the same through the period of prescription. On the contrary, immaterial changes or variations in the use do not destroy its identity." 9 R. C. L. 775, sec. 35, citing many opinions. See, also, *Brand v. Lienkaemper,* 72 Wash. 547, 130 Pac. 1147; *Wendler v. Woodard,* 93 Wash. 684, 161 Pac. 1043.

The trial judge decreed that the defendant, Sadie Mc-Cormick, has acquired an easement right to have irrigation water carried to her land through the lateral used jointly with the plaintiff, being the lateral across the west side of the northwest quarter of said section, and that she has been receiving water for her land as said lateral is now located, and the plaintiff is enjoined from interfering or obstructing the said defendant, Sadie McCormick, in the use of said joint lateral.

The evidence discloses that the original ditch company ran the main canal east and west through McCormick's southwest quarter of section 25, and that the lateral in dispute was built by the agreement of the respective landowners across this tract in section 25 for 30 rods, then across plaintiff's land in the northwest quarter of section 36, then carried further south to irrigate the defendant's land in the southwest quarter of section 36. This agreement was approved by the ditch company, and the parties in written water deeds agreed that, in case of any dispute, the decision of the directors of the ditch company should

be binding upon them. Some years later on, the ditch company officers have several times cleaned out this joint lateral. This lateral involved in this dispute is not to be confused with one put in many years later along the east side of the northwest quarter of section 36.

The owners of these various tracts of land entered into a covenant concerning this lateral in dispute, and agreed that it was to be built across their lands. This constituted an agreement for an easement, and such mutual covenants were sufficient consideration for the respective grants.

It is equally clear that the grants were not personal rights, but that the mutual agreements were covenants which were to run with the tracts of land.

It is also contended by plaintiff that the only rights the defendant had in this old lateral across plaintiff's land were permissive rights granted by the plaintiff. However, in our opinion, neither the evidence nor the law supports such a contention. The rights of the defendant, Sadie McCormick, were granted by specific agreement for a joint use of this lateral in section 25 over the McCormick land and in section 36 over the plaintiff Clark's land. The judgment of the trial court, continuing the joint use of this lateral as at first established, is right, and is hereby

AFFIRMED.