[No. 35363. Department Two. September 15, 1960.]

THE MOUNTAINEERS, *Appellant,* v. WILLIAM C. WYMER *et al.,* *Respondents.*[1]

*Burkheimer & Cavender* and *Michael S. Curtis,* for appellant.

*Garland, Garland & Bishop,* for respondents.

FINLEY, J.—Appellant, a nonprofit Washington corporation known as The Mountaineers, appeals from a judgment dismissing its action to establish an easement by prescription. The subject matter of the action is a roadway, some two hundred feet in length, running across land owned by respondents Wymer and connecting appellant's land with Kitsap county road No. 10 (hereinafter referred to as the county road).

[1]Reported in 355 P. (2d) 341.

In *Northwest Cities Gas Co. v. Western Fuel Co.* (1942), 13 Wn. (2d) 75, 123 P. (2d) 771, this court held that,

"To establish a prescriptive right of way over the land of another person, the claimant of such right must prove that his use of the other's land has been open, notorious, continuous, uninterrupted, over a uniform route, adverse to the owner of the land sought to be subjected, and with the knowledge of such owner at a time when he was able in law to assert and enforce his rights."

The period required in this state to establish such a prescriptive right of way is ten years, by analogy to the provisions of RCW 4.16.020, which is the statute of limitations relative to actions for the recovery of real property. *Northwest Cities Gas Co. v. Western Fuel Co., supra.*

In the instant case it is undisputed that the members and guests of appellant corporation have continuously used the roadway in question since around 1918 as a means of ingress to and egress from cottages, camping facilities, and a sylvan theater located on appellant's land. Since sometime prior to 1931, appellant has marked the roadway's entrance upon the county road with no-trespassing signs and with signs inscribed "The Mountaineers." In addition, from sometime prior to 1931 until 1956, appellant maintained a gate at the roadway entrance, which, from time to time, was padlocked. This gate was removed in 1956 by mutual agreement of the parties, pending the disposition of this litigation. Respondents and their predecessors in interest, the Port Blakely Mill Co. and a Mr. Paddock (from whom respondents purchased the tract across which the roadway runs, in 1952), clearly knew of appellant's use of the roadway at all times, and at no time were they under any disability which would have prevented them from asserting their rights in the roadway.

The single point of difference between the parties, both in the trial court and on this appeal, relates to whether appellant's use of the roadway during the period prior to 1952 (when, shortly after the respondents' purchase from Paddock, a Mountaineer member told Mr. Wymer that he could not block the roadway) was an adverse, as opposed

to a permissive, use. On this point it is clear, as the trial court found, that appellant had never asked for nor received, expressly or by implication, permission to use the roadway in question. On the other hand, it is also clear, as the trial court also found, that at all times prior to 1952 the land across which the roadway runs was vacant, wild, unenclosed land. The trial court's dismissal of appellant's action was predicated upon this latter fact. In essence, as is revealed by a reading of the trial court's memorandum opinion, the trial judge reasoned as follows: (1) Ordinarily, a presumption of adverse use arises from proof of an open, notorious, continuous, uninterrupted use for the required period of time; however, in the case of vacant, wild, unenclosed land, the claimant must prove by affirmative evidence a use hostile to the rights of the owner of the servient estate; (2) nothing done by appellant prior to 1952 was sufficient to constitute a hostile use of the roadway; (3) therefore, appellant's use of the roadway prior to 1952 is deemed to have been permissive and not adverse.

The major premise in this syllogism is in accord with the views expressed by this court in *Northwest Cities Gas Co. v. Western Fuel Co., supra.*[2] However, we cannot agree with the trial judge's minor premise that nothing done by appellant prior to 1952 was sufficient to constitute a hostile use of the roadway. As we have noted,

---

[2] ". . . proof that the use by one of another's land has been open, notorious, continuous, uninterrupted, and for the required time, creates a *presumption* that the use was *adverse,* unless otherwise explained, and, in that situation, in order to prevent another's acquisition of an easement by prescription, the burden is upon the owner of the servient estate to rebut the presumption by showing that the use was permissive. . . .

"This last mentioned rule does not apply, however, to vacant, open, uninclosed, unimproved lands. In such cases, *mere use* of a way over the land of another, in the manner and for the time referred to in the last preceding rule, will not of itself give rise to a presumption that the use has been adverse, or, as sometimes expressed, to a presumption of a grant. Courts do not, in such cases, infer adverse user, but require evidence of facts or circumstances indicating that the user was indeed adverse and not permissive."

for more than the required number of years prior to 1952, appellant had not only posted the roadway entrance upon the county road with no-trespassing signs and signs bearing the inscription, "The Mountaineers," but also had maintained a gate at the entranceway, which they padlocked from time to time. We are convinced that by these acts (with particular emphasis on the matter of the padlocked gate) appellant sufficiently met the test of a hostile use as set forth in the recent case of *Malnati v. Ramstead* (1957), 50 Wn. (2d) 105, 309 P. (2d) 754:

"... Hostile use of real property by an occupant or user does not import ill will, but imports that the claimant is possessing or using it as owner, ...

"'... the use must at least be such as to convey to the absent owner *reasonable notice* that a claim is made in hostility to his title.' *Watson v. County Com'rs of Adams County,* 38 Wash. 662, 665, 80 Pac. 201 (1905). (Italics ours.)"

The judgment of the trial court should be reversed, and a judgment entered granting the relief prayed for in the complaint. It is so ordered.

MALLERY, DONWORTH, ROSELLINI, and OTT, JJ., concur.