[No. 4141–1. Division One. July 18, 1977.]

ROBERT D. ADAMS, ET AL, *Appellants,* v. SKAGIT
COUNTY, ET AL, *Respondents.*

*Mullen, Angevine & Johnson* and *Earl F. Angevine,* for appellants.

*Patrick R. McMullen, Prosecuting Attorney,* for respondents.

WILLIAMS, J.—Robert D. and Marjorie Adams and William T. and Alice M. Foster brought this quiet title action against Skagit County and all other persons claiming an interest in a portion of Arcade Street, a platted street in the unincorporated town of McMurray. An order of default was entered as to all defendants except the county. Following trial, judgment was entered for the Adams and Fosters, subject to a prescriptive easement in favor of the county. The Adams and Fosters appeal; the county cross–appeals.

Arcade Street was platted and dedicated to public use in 1891. From 1905 to 1969, the street, which is bounded on the east by Lake McMurray and on the west by a railroad right–of–way, was used by residents of McMurray for a

variety of purposes including swimming, boating, picnicking, fishing, chopping wood, making "home brew," and cutting ice. Also, the townspeople built a boathouse, tool shed, dock and diving board there and generally kept the street clean and graveled.

Since 1905, a fence has separated the street from the property to the north, now owned by the Fosters. The Adams built a fence on the south border in 1967. In recent years property owners in the vicinity of the street have objected to the public's use of it and have attempted to exclude them by erecting signs and another fence. The street has become overgrown with bushes and trees.

The first question concerns the application of Laws of 1889, ch. 19, § 32, p. 603, in force prior to 1909, reading as follows:

> Any county road, or part thereof, which has heretofore been or may hereafter be authorized, which remains unopened for public use for the space of five years after the order is made or authority granted for opening the same, shall be and the same is hereby vacated, and the authority for building the same barred by lapse of time.

The county in its cross–appeal contends that the Adams and Fosters must bear the burden of proving that the road was unopened for 5 years. The court made no finding of fact as to whether the street remained unopened for public use for the space of 5 years but did conclude that it was vacated in 1896 by operation of the statute. The county's cross–appeal challenging this conclusion is well taken. *Brokaw v. Stanwood*, 79 Wash. 322, 325–26, 140 P. 358 (1914). On the same essential facts the Supreme Court in that case said:

> For aught that appears in this record, and we are to remember that all of the evidence presented to the trial court is before us, Rainier street, along in front of respondents' lots, may have, during this entire period, been actually physically open for public use, unobstructed, unenclosed and, by nature, well suited for ordinary travel by such means as are in common use upon public highways. Shall we presume to the contrary, in the

total absence of proof upon that question? We are of the opinion that we should not do so, and that the burden of showing that such a street has remained unopened for public use for the period named in the statute should be upon those who rest their claims upon such a fact.

Thus, the Adams and Fosters have the burden of showing that the street was unopened; the court should make a finding as to whether they sustained that burden.

In the event that they did sustain the burden of proving that the street was vacated, we believe that the court's determination that the public had established a prescriptive easement on the property is within the evidence.

██ The Adams and Fosters argue that the street was open and unenclosed land, with the resulting presumption that the use by the public was merely permissive. *State ex rel. Shorett v. Blue Ridge Club, Inc.*, 22 Wn.2d 487, 156 P.2d 667 (1945). It is true that courts are reluctant to find a prescriptive easement when land is open and unenclosed, because of the possibility that the owner was unaware of the adverse use:

> While we do not now hold that a right of way by prescription cannot be acquired over wild, unoccupied prairie lands, we do hold that, in order to give a prescriptive right, the use must at least be such as to convey to the absent owner reasonable notice that a claim is made in hostility to his title.

*Watson v. County Comm'rs*, 38 Wash. 662, 665, 80 P. 201 (1905). However, Arcade Street was a well–defined way, 40 feet wide, bordered on one side by a fence and on the other by a marshy cove. Unlike cases involving sprawling prairie lands, there is no danger that landowners adjoining Arcade Street were unaware, during the period of prescription, of the use being made of the street.

The Adams and Fosters also argue that due to the existence of the marshy cove on the south portion of the street, only some 25 to 30 feet of the street were used, thus causing only a partial easement to arise. While there was contradictory testimony on this point, substantial evidence was presented to support the court's finding that the public's use

included the full width and length of the street. We therefore may not overturn the finding.

Despite the disfavored status of prescriptive rights, *Northwest Cities Gas Co. v. Western Fuel Co.,* 13 Wn.2d 75, 123 P.2d 771 (1942), and the presumption that one's use of another's property is merely permissive, *Long v. Leonard,* 191 Wash. 284, 71 P.2d 1 (1937), it is well established that such an easement may be acquired by clear proof that the land was used for 10 years in a manner open, notorious, continuous, and adverse to the owner. *Washburn v. Esser,* 9 Wn. App. 169, 511 P.2d 1387 (1973). There is substantial evidence that those requirements have been satisfied.

■ In its cross–appeal the county also contends that the Adams and Fosters, although abutting landowners, have no standing to sue. Street dedications carry only an easement and the conveyance of a lot without reservation or exception carries with it the fee to the center of the street subject to the easement. *Bradley v. Spokane & I.E. R.R.,* 79 Wash. 455, 140 P. 688 (1914). Unless there is an official vacation which appears of record "the grantor must be held to convey with the lot the right to litigate to secure a judicial vacation if the grantee considers that course to be to his advantage." *Lewis v. Seattle,* 174 Wash. 219, 224, 24 P.2d 427 (1933). Therefore, as successors in interest to the owners of lots abutting on the street, the Adams and Fosters have the right to litigate.

The judgment is vacated and the cause remanded to the Superior Court for further proceedings consistent with this opinion.

CALLOW and ANDERSEN, JJ., concur.

Petition for rehearing denied October 20, 1977.

Review denied by Supreme Court June 2, 1978.