[No. 3294–9–III.   Division Three.   July 15, 1980.]

DORIS N. SMITH, *Respondent,* v. EUGENE F. BREEN, *Appellant.*

*Albert J. Golden* and *Golden & Knowlton,* for appellant.

*Jerry A. Votendahl* and *Roach, Votendahl & Monahan,* for respondent.

ROE, J.—Doris Smith and Eugene Breen own adjoining land. A dirt road leading to the back of their properties runs astride their boundary line. The road has existed since at least the 1930's and had been used jointly and amicably by the parties and their predecessors until about 1966.

In that year, both parties asserted ownership to the entire road. Breen began intermittently to park his truck on the road, blocking Smith's passage. He always moved it upon her request. Testimony indicated that he was trying

to keep out strangers who would come in and drive around on his property, or that he had to park the truck on the road so he could roll it downhill to get it started. It was not his purpose to deny access to his neighbor. Smith was never denied the use of the road, though she sometimes had to ask to have the truck moved. Nevertheless, she too asserted ownership.

Her attorney wrote a letter to Breen requesting that he refrain from blocking the road. This apparently had no effect. Smith testified that she alone maintained the road. Finally, she commenced this suit seeking to enjoin Breen from blocking the road. Breen counterclaimed asserting that he had acquired title to the entire roadway. The trial court determined that each party had a mutual easement across the other's part of the road, and permanently enjoined Breen from blocking the road. We affirm.

Breen has not assigned error to any of the findings of fact, so they will be considered verities on appeal. *Portage Bay–Roanoke Park Community Council v. Shorelines Hearings Bd.,* 92 Wn.2d 1, 6–7, 593 P.2d 151 (1979). Findings of fact which are supported by substantial evidence will not be disturbed on appeal. *Seattle School Dist. 1 v. State,* 90 Wn.2d 476, 488–89, 585 P.2d 71 (1978). It is not the function or duty of this court to search the record for errors, but only to rule on the errors specifically alleged. *Malnati v. Ramstead,* 50 Wn.2d 105, 107, 309 P.2d 754 (1957).

Several of the conclusions of law are findings of fact and will be so treated. *Ferree v. Doric Co.,* 62 Wn.2d 561, 567, 383 P.2d 900 (1963). Further, there is an ambiguity in one of the findings of fact. "Where the findings are not consistent with each other, if there is one or more which support the decree it will be upheld." *Silverstone v. Hanley,* 55 Wash. 458, 459, 104 P. 767 (1909); *Ingle v. Ingle,* 183 Wash. 234, 48 P.2d 576 (1935).

Although prescriptive rights are not favored in the law, *Mood v. Banchero,* 67 Wn.2d 835, 841, 410 P.2d 776

(1966), it is well established in Washington that a prescriptive easement may be acquired by clear proof that the land was used in an open, notorious, continuous and uninterrupted manner for 10 years, that the use was adverse to the owner, and that the owner had knowledge of the use. *Mood v. Banchero, supra; Gray v. McDonald,* 46 Wn.2d 574, 578–79, 283 P.2d 135 (1955); *Hughes v. Boyer,* 5 Wn.2d 81, 87, 104 P.2d 760 (1940); *Adams v. Skagit County,* 18 Wn. App. 146, 150, 566 P.2d 982 (1977). Whether these elements have been established is a question of fact. *Gray v. McDonald, supra.*

First, the use must be adverse.

> Adverse user is such use of property as the owner himself would exercise, entirely disregarding the claims of others, asking permission from no one, and using the property under a claim of right. Hostile use . . . imports that the claimant is possessing or using it as owner.

*Malnati v. Ramstead, supra* at 108.

In *Washburn v. Esser,* 9 Wn. App. 169, 511 P.2d 1387 (1973), the court held that the use of a common road which ran across the property of each adjoining landowner created a prescriptive easement. In that case, the four landowners constructed a road across their properties to permit access to the beach. For the first 20 years of its existence, the easement was used by all of the landowners without asking permission from the others, and each considered that he had a right to use it. The adverse use requirement had thus been satisfied, and the trial court's conclusion that there was an easement by prescription was affirmed.

The evidence clearly shows, and the unchallenged findings of fact reflect, that both parties' predecessors in interest have been using the entire width of the roadway as if it belonged to them. For more than 30 years neither user asked the other for permission to use the road.

Adverse use is use hostile to the servient owner. *Northwest Cities Gas Co. v. Western Fuel Co.,* 13 Wn.2d 75, 123 P.2d 771 (1942). Adverse use is not permissive or made in

subordination to the rights of the servient tenant. 3 R. Powell, *Real Property* § 413 (1979). It must be with the acquiescence of, but not the permission of, the servient tenant. 3 B. Jones, *Tiffany on Real Property* § 796 (3d ed. 1939); 4 H. Tiffany, *Real Property* § 1196 (3d ed. 1975). Thus, the servient tenant must have reasonable notice that a claim is made in hostility to his title. *Watson v. County Comm'rs,* 38 Wash. 662, 80 P. 201 (1905). *See Cuillier v. Coffin,* 57 Wn.2d 624, 358 P.2d 958 (1961).

> An adverse use will not ripen into a prescriptive right unless the owner of the servient estate knows of, and acquiesces in, such use, or unless the use is so open, notorious, visible, and uninterrupted that knowledge and acquiescence on his part will be presumed. *Northwest Cities Gas Co. v. Western Fuel Co., supra.* There is no doubt but that, giving effect to this unrebutted presumption, appellant's adverse use of the roadway from 1937 to 1943 was acquiesced in by defendant.

*Huff v. Northern Pac. Ry.,* 38 Wn.2d 103, 112, 228 P.2d 121 (1951).

The general common–law rule is that once a party has proven use of another's land without his permission for the prescriptive period, the element of adversity is presumed. Annot., *Rights derived from use by adjoining owners for driveway, or other common purpose, of strip of land lying over and along their boundary,* 27 A.L.R.2d 332 (1953). Washington has rejected this presumption and adopted the rule that "such unchallenged use for the prescriptive period is a circumstance from which an inference may be drawn that the use was adverse." *Cuillier v. Coffin, supra* at 627. However, the facts in the instant case, unlike *Cuillier,* reveal each party using the other's land for a road. This is not a case where one party used a road solely on another's land which was used also by the owner himself. The evidence in the case at bar clearly shows that for 30 years there was no challenge to the use of the easement.

The court concluded and the findings support the conclusion:

that the parties and their predecessors have acquiesced in the fact that both parties and their predecessors have had a joint right or easement to the use of said roadway.

Since the use was unchallenged, and was with the acquiescence (*see* 4 H. Tiffany, *Real Property* § 1196 (3d ed. 1975)) of the Breens and their predecessors, it is clear that the use was adverse.

There are two circumstances under which an adverse use will ripen into a prescriptive right. Either the owner of the land must know of and acquiesce in such adverse use, or the use must be so open, notorious, continuous and uninterrupted that the owner's knowledge and acquiescence will be presumed. *Huff v. Northern Pac. Ry., supra* at 112. In an unchallenged finding of fact, the court found the roadway had been used by both parties with the acquiescence of each other for more than 10 years. The parties intended that the roadway be used to service both parcels of land and was used for more than 50 years by the parties and their predecessors for that purpose. Thus, the easement was open, notorious and uninterrupted.

The adverse use must be continuous for the prescriptive period, which is the statute of limitations for establishing possession of real property. RCW 4.16.020 states that that period is 10 years. The court found the use had been in existence for at least 50 years.

Finally, the owner must have had knowledge of the other's use at a time when he was legally able to enforce his rights. *Mountaineers v. Wymer,* 56 Wn.2d 721, 722, 355 P.2d 341 (1960). Neither party contends he was under a legal disability at any time during the prescriptive period. The unchallenged findings of fact are supported by ample evidence that both parties and their predecessors in interest were aware of the use of the road by the other.

The use of Smith's property by Breen and his predecessors, and the use of Breen's property by Smith and her predecessors, have ripened into mutual easements by pre-

scription. *See Brand v. Lienkaemper,* 72 Wash. 547, 130 P. 1147 (1913).

The judgment of the trial court is affirmed.

GREEN, C.J., and MUNSON, J., concur.