[No. 3832–II.  Division Two.  July 7, 1981.]

JAMES G. TOPPING, *Appellant,* v. PIERCE COUNTY BOARD OF COMMISSIONERS, ET AL, *Respondents.*

*Kenneth S. Kessler*, for appellant.

*Don Herron, Prosecuting Attorney, Keith M. Black, Deputy, James A. Krueger*, and *Kane, Vandeberg & Hartinger*, for respondents.

PETRICH, J.—This appeal is from a resolution of the Pierce County Board of Commissioners approving the preliminary plat of "Beverly Park 4th Addition." Plaintiff, James G. Topping, contends that the Commissioners acted unlawfully when they approved the plat without evidence showing compliance with WAC 248–96–090, a health regulation governing the installation of on–site sewage disposal systems for individual homes. We find that proof of compliance with the specific provisions of WAC 248–96–090 is not required at the time of approval of the preliminary plat and affirm the action of the Commissioners.

The application for a preliminary plat was filed by the developer, Edward W. Zenker, on December 30, 1977. A determination of nonsignificant impact under the State Environmental Policy Act of 1971 (SEPA) was filed on January 24, 1978. On March 9, 1978, a hearing on the plat was held before the Pierce County Planning Commission. The Commission denied the plat and Zenker appealed to the Pierce County Board of Commissioners. At hearings held on May 15, 1978 and May 30, 1978, testimony was heard concerning, among other things, the environmental impact of the proposed plat. After hearing such evidence, the Commissioners voted 2 to 1 to approve the preliminary plat.

The proposed plat covers approximately 9.29 acres and includes 30 building sites with a 10,000–square–foot minimum lot size and an average lot size of 11,000 square feet. Sewage disposal is to be by individual septic tanks. The use of individual septic tanks was considered by the Pierce County Health Department at the time of the declaration of no significant environmental impact. No challenge was

made below or in this appeal to the Commissioners' determination of no environmental significance.

■■ The purpose of a preliminary plat is to secure approval of the general "design" of a proposed subdivision and to determine whether the public use and interest will be served by the platting. *Department of Natural Resources v. Thurston County,* 92 Wn.2d 656, 601 P.2d 494 (1979); *Loveless v. Yantis,* 82 Wn.2d 754, 513 P.2d 1023 (1973). Although the planning department must determine whether provisions are made in the proposed plat for open spaces, drainage ways, streets, alleys and other public ways and whether water supplies, sanitary waste disposal, schools and parks are currently available or whether provisions must be made for the addition of such services, *see* RCW 58.17.110, compliance with specific health regulations applicable to a completed development is not required for approval of a preliminary plat. Essentially, the preliminary plat supplies information not specified by regulation or ordinance. *Loveless,* 82 Wn.2d at 761. Matters which are specified by regulation or ordinance need not be considered unless conditions or infirmities appear or exist which would preclude any possibility of approval of the plat. *Id. See also* 4 A. Rathkopf, *Zoning and Planning,* ch. 71, § 5 (1980).

The installation of on–site sewage disposal systems is regulated under the Washington Administrative Code. Section 248–96–080 of the code prohibits the installation of a new on–site sewage disposal system without a valid permit issued by the county health officer. Section 248–96–090 sets forth three methods for determining minimum lot size when on–site sewage disposal is used. Because the installation of on–site sewage disposal systems is governed by regulation, the County Commissioners were not required to specifically consider the installation of such individual systems before approving the preliminary plat. For, although such regulations may ultimately impede or prohibit the issuance of individual permits, they do not deprive the Commissioners of their authority to grant approval to the preliminary plat.

This is not to imply that the Commissioners did not have a duty to inquire into the effect of on–site sewage disposal systems on the environment before approving or disapproving the preliminary plat. SEPA requires the Commissioners to consider the environmental impact of a proposed plat before approving or disapproving the plat. *Department of Natural Resources v. Thurston County, supra; Gardner v. Pierce County Bd. of Comm'rs,* 27 Wn. App. 241, 617 P.2d 743 (1980). The standards applied in evaluating the environmental impact of the proposed plat are not, however, necessarily the same as those set forth in the regulations governing the issuance of on–site sewage disposal permits. In evaluating the environmental impact, the Commissioners need only comply with the provisions set forth in SEPA.

In *Gardner v. Pierce County Bd. of Comm'rs, supra,* Gardner challenged the approval of a preliminary plat on the ground that there was insufficient evidence to support the negative declaration of environmental significance. Although the plaintiff in *Gardner* raised other issues, the decision was based on the very limited one of whether an environmental impact statement was required before a decision be made on the application for a preliminary plat. We found that the County Commissioners' negative declaration under SEPA, on a record lacking engineering justification to support on–site sewage disposal for undersized lots, was clearly erroneous and reversed.

In this case plaintiff has not assigned error to the Commissioners' adoption of the negative declaration of environmental significance. Because plaintiff has not challenged the negative declaration, this court will not review such decision. *Transamerica Ins. Group v. United Pac. Ins. Co.,* 92 Wn.2d 21, 593 P.2d 156 (1979); *Smith v. Breen,* 26 Wn. App. 802, 614 P.2d 671 (1980). Plaintiff's assertion that the Commissioners must find compliance with WAC 248–96–090 before approving the preliminary plat is without merit. Although the County has an affirmative duty to demonstrate its justification for a negative declaration of

environmental significance under SEPA when an appropriate challenge is made, compliance with specific health regulations is not required for the approval of a preliminary plat; at the time of submission of the preliminary plat, such regulations are only guidelines, not mandates. Ultimately, the health regulations must be complied with. If an on–site sewage disposal system is contemplated on a particular site, engineering justification will then be required before a permit is issued. However, alternate solutions may then be available, such as a joinder of two or more lots into a single building site, or a broader based sewerage system serving the area. There having been no showing of infirmities or conditions which would preclude any possibility of plat approval, the decision of the Board of Commissioners is affirmed.

REED, C.J., and PETRIE, J., concur.