IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JAMES BUMP, | ) | No. 69026-4-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| TAK CHANG and SUET MUI CHANG, | ) | |
| | ) | |
| Respondents. | ) | FILED: July 29, 2013 |

2013 JUL 29 AM 11: 51
COURT OF APPEALS DIV I
STATE OF WASHINGTON

SCHINDLER, J. — Because James Bump failed to respond to discovery requests or comply with the case scheduling order, the trial court dismissed his lawsuit against Tak Chang and Suet Mui Chang. On appeal, Bump contends that the trial court should have granted his motion for reconsideration and reinstated the action. Because the record shows that Bump's violation of the discovery rules was willful, that the violation substantially prejudiced Chang's ability to prepare for trial, and that the trial court expressly considered whether lesser sanctions were sufficient, the trial court did not abuse its discretion in denying Bump's motion for reconsideration. We therefore affirm.

FACTS

In December 2010, James Bump filed a lawsuit for personal injuries against Tak Chang and Suet Mui Chang, alleging that Tak Chang negligently caused a 2007

automobile accident. The trial court entered a case scheduling order setting trial for June 4, 2012.

In March 2011, counsel for Chang served Bump with interrogatories and requests for production. Bump, who was proceeding pro se, did not respond.

On June 6, 2011, defense counsel wrote to Bump about the overdue interrogatories and scheduled a discovery conference by phone for June 15. When Bump did not answer at the scheduled time, defense counsel left a voice mail message. Bump called defense counsel the next day and said he would soon respond to the discovery requests. Bump never responded. Nor did Bump appear at his scheduled deposition on November 8, 2011, or provide witness lists in accordance with the case scheduling order.

On February 15, 2012, Chang moved to dismiss the lawsuit under CR 37, CR 41, and KCLR 4(g), citing Bump's complete failure to respond to discovery requests and failure to comply with the case scheduling order. The discovery cut-off deadline passed on April 16, 2012, with no further response from Bump. On April 18, two days before oral argument on the motion to dismiss, Bump retained counsel.

The trial court entered an order granting the motion to dismiss on April 20, 2012. The court found that Bump's failure to answer the interrogatories, appear for his deposition, or submit potential witness lists was willful and deliberate, that Bump's

2

omissions had substantially prejudiced Chang's ability to prepare for trial, and that lesser sanctions were inappropriate.[1]

Bump moved for reconsideration. In a supporting declaration, he explained that he had become confused while representing himself and "didn't know the importance of the case schedule, deposition, and interrogatories and all those legal things." Bump also disclosed that he had encountered several personal hardships, including the sudden illness and death of his mother in February 2012. A short time later, he was the victim of a stabbing and robbery, and also suffered third degree chemical burns.

The trial court acknowledged that "[h]ad these [events] been the reason for Plaintiff's failures the ruling would have, undoubtedly, been different." But the court denied reconsideration, noting that the majority of the circumstances leading to the dismissal occurred well before the unfortunate personal events identified in Bump's supporting declaration.

## ANALYSIS

On appeal, Bump has not assigned error to the court's order dismissing his action. Bump challenges only the denial of his motion for reconsideration, claiming that the record fails to support the trial court's decision and that dismissal was contrary to law. See CR 59(a)(7) (trial court may grant reconsideration if there is "no evidence or reasonable inference from the evidence to justify . . . the decision, or that it is contrary to

---

[1] The trial court's findings are set forth in Chang's response to Bump's motion for reconsideration. Bump has not designated Chang's motion to dismiss or the trial court's dismissal order as part of the record on appeal.

3

law"). We review a trial court's decision to grant or deny a motion for reconsideration for an abuse of discretion. Drake v. Smersh, 122 Wn. App. 147, 151, 89 P.3d 726 (2004).

Bump first contends that there is no evidence that Chang's counsel arranged a CR 26(i) discovery conference. CR 26(i) provides that the trial court will not entertain a motion under the discovery rules unless the moving or objecting party certifies that there has been "a mutually convenient conference in person or by telephone."

The record indicates that Bump responded to the defense request for a telephone conference by calling Chang's counsel on June 16, 2011 and discussing the overdue discovery. He fails to indicate why that telephone conference was insufficient to comply with CR 26(i). As the appellant, Bump has the burden of providing this court with a sufficient record to review any alleged errors. Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988). Bump has not identified evidence in the record supporting his claim that Chang failed to comply with CR 26(i). Moreover, a party's failure to comply strictly with the procedural provisions of CR 26(i) certification does not divest the trial court of the authority to consider a motion for discovery sanctions. Amy v. Kmart of Wash., LLC, 153 Wn. App. 846, 858, 223 P.3d 1247 (2009).

Bump also contends that the trial court should have granted reconsideration because it failed to follow the necessary procedures when it dismissed his action. Bump argues that he did not willfully fail to participate in discovery and that his omissions did not prejudice Chang. Bump further claims that the trial court did not consider lesser sanctions. The record fails to support Bump's arguments.

4

Under CR 37(d), the trial court has broad discretion to impose sanctions for a party's failure to participate in discovery, including dismissal of the action. See CR 37(b)(2)(C); CR 41(b); Burnet v. Spokane Ambulance, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997). When the trial court chooses one of the harsher remedies under CR 37(b), however, "the record must show three things—the trial court's consideration of a lesser sanction, the willfulness of the violation, and substantial prejudice arising from it." Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 688, 132 P.3d 115 (2006). The record establishes that the trial court properly considered all three requirements.

In support of his motion for reconsideration, Bump asserted that his failure to participate in discovery or comply with the case scheduling order was not willful or deliberate. Bump claimed that because of his lack of legal knowledge, "I . . . didn't realize that I had to send [Chang's counsel] things, go to the deposition, and things like that." He also denied that he intended to deceive opposing counsel or disregard the case schedule.

"Fair and reasoned resistance to discovery is not sanctionable." Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 338, 858 P.2d 1054 (1993). For purposes of CR 37 sanctions, however, a party's violation of discovery rules or disregard of a court order is deemed willful if it is without reasonable excuse or justification. Magana v. Hyundai Motor Am., 167 Wn.2d 570, 584, 220 P.3d 191 (2009).

Bump's decision to represent himself despite his admitted confusion about the legal process does not excuse the failure to comply with all court rules. A pro se litigant must comply with all procedural rules and satisfy the same standards as an attorney.

5

Carver v. State, 147 Wn. App. 567, 575, 197 P.3d 678 (2008).  Bump's reliance on a series of personal hardships is equally misplaced.  As the trial court noted in denying reconsideration, the majority of these events occurred after Bump's failure to respond to interrogatories, appear at his deposition, or comply with the scheduling order by identifying potential witnesses.  The record supports the trial court's determination that Bump's failure to comply with discovery rules was without reasonable excuse and therefore willful.

The record also supports the trial court's finding that Bump's failure to participate in discovery substantially prejudiced Chang's ability to prepare for trial.  When the trial court dismissed his action, the discovery deadline had already passed and less than seven weeks remained until trial.  At that point, Bump had failed to provide any information about an automobile accident that occurred more than four years earlier.  Bump did not respond to interrogatories, appear for his scheduled deposition, or identify any potential witnesses.  Under the circumstances, Chang could not undertake any meaningful trial preparation.  See Johnson v. Horizon Fisheries, LLC, 148 Wn. App. 628, 640, 201 P.3d 346 (2009) (failure to disclose primary witnesses for an incident occurring nearly four years earlier prejudiced defendant's ability to prepare a defense).

Finally, contrary to Bump's contentions, the trial court expressly considered and rejected lesser sanctions before dismissing the lawsuit.  Nothing in the record indicates that Bump made any attempt to respond to discovery requests.  Nor did he contact the court to explain his omissions.  Given Bump's complete failure to respond and the

6

resulting prejudice to Chang, the record supports the court's finding that lesser sanctions were inappropriate.

In summary, the record amply supports the trial court's finding that Bump willfully violated the discovery rules and the court's case scheduling order, that the violations substantially prejudiced Chang's ability to prepare for trial, and that the trial court expressly considered lesser sanctions. The denial of Bump's motion for reconsideration was therefore neither manifestly unreasonable nor based on untenable grounds. See Mayer, 156 Wn.2d at 684 (trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds).

Affirmed.

WE CONCUR: