FILED
COURT OF APPEALS
DIVISION II

2014 JAN 22 AM 9: 18

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

|  |  |
|---|---|
| DIANE DUMOND, GREG DUMOND, and DARREL DUMOND, single individuals, | No. 43691-4-II |
| Appellants, |  |
| v. |  |
| VIETNAMESE BAPTIST CHURCH OF TACOMA, INC,, a Washington corporation; and CHARLES L. KELLY and JANE DOE KELLY, as a marital community, | UNPUBLISHED OPINION |
| Respondents. |  |

Penoyar, J. — Greg and Diane Dumond sought a prescriptive easement in the alley behind their family's house after Charles Kelly and the Vietnamese Baptist Church (Church) blocked the alley with fences. The trial court determined that the Dumonds established all of the elements of a prescriptive easement except the adverse use element. Specifically, it found that the use of the alley was permitted by neighborly courtesy. The court also enjoined the Dumonds from using the alley and awarded a judgment against Greg[1] for the damage he caused when he removed the fences. The Dumonds appeal, arguing that the trial court erred by finding that their use of the alley was permissive and by ordering Greg to pay damages. We hold that the evidence did not support an inference of permissive use through neighborly courtesy and that the Dumonds presented evidence that they used the land like a true owner would. Accordingly, they have established the adverse use element and the trial court erred by enjoining them from using the alley and entering damages against Greg. We reverse and remand.

---

[1] Where necessary, we refer to the Dumonds by their first names. We intend no disrespect.

## FACTS

This action arises over a disputed strip of land on the block between South 60th and South 62nd Streets and Puget Sound Avenue and Warner Street in Tacoma. The Dumond family has owned a house on this block since 1957. The surrounding blocks have alleys dedicated on the plat map, but this block does not. However, since at least the 1960s, the residents have treated the strip of land behind the houses as an alley, and the land looks similar to the alleys on the surrounding blocks. In the 1960s and 1970s, nine of the houses on the block, including the Dumonds', had rear-facing garages that opened into the alley, and the city used the alley for garbage pick-up. No permission was asked or given for use of the alley. Traffic in the alley declined in the late 1980s, but the Dumonds continued to use the alley to access their garage, and they occasionally mowed parts of it and removed trash from it.

In 2006, property owners on the north end of the alley blocked access to the alley. In 2007, Kelly and the Church erected a series of fences that ultimately blocked access to the alley from the south. Greg removed a portion of the fences in 2010 to access the alley. The Dumonds then sought a prescriptive easement in the alley and an injunction barring Kelly and the Church from interfering with the easement.

The trial court concluded that the Dumonds failed to establish the elements of a prescriptive easement because their use of the alley was permissive and the result of neighborly courtesy and, therefore, was not adverse. As a result, the trial court entered judgment in Kelly's and the Church's favor and enjoined the Dumonds from using the alley to access their property. The trial court also entered a judgment against Greg for the cost of repairing the fences and awarded Kelly and the Church $396.61 in attorney fees and costs. The Dumonds appeal.

## ANALYSIS

The Dumonds argue that the trial court erred by concluding that the use of the alley was not adverse but was permitted by neighborly courtesy. Because the facts do not support an inference of neighborly courtesy and the Dumonds proved that they used the alley as an owner would, we hold that the trial court erred.

To establish a prescriptive easement, a claimant must prove that the use of the servient land was (1) open and notorious, (2) over a uniform route, (3) continuous and uninterrupted for 10 years, (4) adverse to the owner of the servient land, and (5) known to the owner at a time when he was able to enforce his rights. *Drake v. Smersh*, 122 Wn. App. 147, 151, 89 P.3d 726 (2004) (quoting *Kunkel v. Fisher*, 106 Wn. App. 599, 602, 23 P.3d 1128 (2001)). The trial court found that the Dumonds met all of the elements except adverse use. The Dumonds appeal only the trial court's determination that the use of the alley was not adverse.

Whether the elements of a prescriptive easement are met is a mixed question of law and fact. *Lee v. Lozier*, 88 Wn. App. 176, 181, 945 P.2d 214 (1997). We review the trial court's factual findings to determine if they are supported by substantial evidence in the record. *Lee*, 88 Wn. App. at 181. Substantial evidence is evidence sufficient to persuade a rational, fair-minded person of the truth of the evidence. *Sunnyside Valley Irrigation Dist. v. Dickie*, 149 Wn.2d 873, 879, 73 P.3d 369 (2003). The trial court's conclusion about whether the facts establish a prescriptive easement is a question of law, which we review de novo. *Lee*, 88 Wn. App. at 181; *Wash. State Farm Bureau Fed'n v. Gregoire*, 162 Wn.2d 284, 300, 174 P.3d 1142 (2007).

A claimant's use is adverse when he "uses the property as the true owner would, under a claim of right, disregarding the claims of others, and asking no permission for such use." *Kunkel*, 106 Wn. App. at 602. Use is not adverse if it is permissive. *Kunkel*, 106 Wn. App. at 602. An inference of permissive use arises if a court can reasonably infer that the use was permitted by neighborly courtesy. *Imrie v. Kelley*, 160 Wn. App. 1, 7, 250 P.3d 1045 (2010). Courts have inferred neighborly courtesy where there is a close relationship between the parties, *see Granston v. Callahan*, 52 Wn. App. 288, 295, 759 P.2d 462 (1988) (quoting *Pickar v. Erickson*, 382 N.W.2d 536, 538 (Minn. Ct. App. 1986)), the true owner built and continued to use the road, *see Cuillier v. Coffin*, 57 Wn.2d 624, 627, 358 P.2d 958 (1961), and the parties agreed that farmers in the area allowed others to cross their land as a neighborly courtesy, *see Crites v. Koch*, 49 Wn. App. 171, 177, 741 P.2d 1005 (1987).

In *Drake*, the court held that there were no facts to support an inference that the use was permitted by neighborly courtesy. 122 Wn. App. at 155. There, one neighbor extended the other's driveway to access his property. *Drake*, 122 Wn. App. at 149. The neighbor never asked permission to use or extend the driveway and the parties did not have a relationship that would permit an inference of permissive use. *Drake*, 122 Wn. App. at 154. Further, the user treated the property as an owner would by extending the driveway and using it as the sole access to his property. *Drake*, 122 Wn. App. at 155.

While this case is closer than *Drake*, the facts here also do not support an inference of neighborly courtesy. The trial court found that there was a tacit agreement among the neighbors to leave the alley open but it cited no specific evidence in support of this finding. Like the party in *Drake*, the Dumonds never asked permission to use the land and they did not have a relationship with the other land owners that would imply neighborly courtesy as opposed to a

4

claim of right. Until recent years, the alley appeared similar to the legal alleys to the north and south and there was nothing on the ground to indicate that the passage was open only by neighborly courtesy. Moreover, during the prescriptive period, the city used the alley for trash collection. The city's use of the alley is evidence that it was left open for reasons other than neighborly courtesy. Furthermore, nine of the owners on the block, including the Dumonds, built alley-facing garages, indicating that they were relying on more than neighborly courtesy in making their investments.

Accordingly, the trial court erred by concluding that the Dumonds' use of the alley was not adverse. The facts do not support an inference of neighborly courtesy and the Dumonds used the alley as if it was their own property, without regard to the rights of others. They built an alley-facing garage that could only be accessed by driving over the Church's and Kelly's land and they maintained the alley by removing trash and mowing it.

The Church argues that the Dumonds' shared use of the alley creates an inference that the use was permissive. Although shared use of a road may be evidence of permissive use, *see Cuillier*, 57 Wn.2d at 627, "[t]he claimant need not be the only person using the [road] 'so long as he exercises and claims his right independent of others.'" *Lingvall v. Bartmess*, 97 Wn. App. 245, 252, 982 P.2d 690 (1999) (quoting *Anderson v. Secret Harbor Farms, Inc.*, 47 Wn.2d 490, 494, 288 P.2d 252 (1955)). Here, the Dumonds claimed their right to use the alley independent of their neighbors. They used the alley to access their personal garage and in a manner different than general public purposes. We hold that the Dumonds' use of the alley was adverse and remand for the trial court to lift the injunction against the Dumonds and define the location and scope of the prescriptive easement.

5

The Dumonds next argue that the trial court erred by assessing damages against Greg for removing portions of the fences. They contend that the prescriptive easement had ripened by the time the Church and Kelly constructed the fences, and, therefore, Greg was justified in removing them from the easement. The Dumonds are correct that the easement had ripened before the fences were constructed. The trial court found that, at least from 1960 to 1977, the Dumonds' use of the alley was open, notorious, continuous, uninterrupted, over a uniform route, and with the owners' knowledge, and we hold that the use was also adverse. Thus, the easement was established by 1977, well before the fences were first constructed in 2007.

A servient land owner may use his property in a reasonable manner that does not interfere with the purpose of the easement. *Littlefair v. Schulze*, 169 Wn. App. 659, 665, 278 P.3d 218 (2012), *review denied*, 176 Wn.2d 1018, 297 P.3d 706 (2013). A dominant land owner has the right to protect his rights in the easement. *Littlefair*, 169 Wn. App. at 666. Here, the Church and Kelly interfered with the Dumonds' use of the alley, and the Dumonds had the right to protect their easement by removing the portion of the fence obstructing their use. Accordingly, the trial court erred by awarding a judgment against Greg for removing the fence.

ATTORNEY FEES

The Church requests attorney fees on appeal under RCW 4.84.250 and .290, which allow the court to award fees to the prevailing party in an action involving $10,000 or less. The Church does not prevail here, so we do not award attorney fees.

6

We reverse and remand to the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Penoyar, J.

We concur:

_____
Hunt, J.

_____
Worswick, C.J.