IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MICHAEL L. BLANKENSHIP and YVONNE M. BLANKENSHIP, husband and wife, | ) ) ) ) | No. 32273-4-III |
| Respondents, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| JERRY L. BRAMHALL, a married man, as his sole and separate property, | ) ) ) | |
| Appellant. | ) ) | |

BROWN, J—Jerry Bramhall appeals the trial court's summary judgment order granting a road easement to Michael and Yvonne Blankenship. Mr. Bramhall contends the trial court erred because genuine material facts remain in dispute regarding whether an implied and/or a prescriptive easement exists. We agree and reverse.

FACTS

The Blankenships and Mr. Bramhall own neighboring parcels of property along Nancy Creek in Ferry County. Both parties trace their titles to a common grantor, J.C. and Inger K. Carson. In 1971, the Carsons platted a portion of their property in Ferry County and dedicated the Nancy Creek Addition subject to restrictions, exceptions, and

easements seen on the Plat of Nancy Creek Addition (the Plat). The Plat showed the location of a private road, which is the subject of this dispute.

In 1985, Mr. Bramhall acquired his property via a series of conveyances. His deed does not contain a description of an easement across his property, but the deed is subject to the plat dedication and restrictions related to Nancy Creek Addition. In 2007, the Blankenships acquired their property from Eunice Poirier. Ms. Blankenship is Ms. Poirier's sister and Mr. Carson's daughter.

In 2013, the Blankenships contracted to sell their property. Because the Carsons did not specifically reserve an easement over the road when they originally sold Mr. Bramhall's property, a question as to the validity of easement access was raised. The Blankenships asked Mr. Bramhall to execute an easement for ingress, egress, and utilities over the road; Mr. Bramhall declined to do so. The Blankenships then sued Mr. Bramhall to quiet title in the road crossing a portion of Mr. Bramhall's property, asserting an implied easement by necessity and an easement by prescription.

The Blankenships moved for summary judgment. In support of their motion, in addition to the above facts, the Blankenships asserted they and "their predecessors in interest have used said road as their own, asking permission of no one" and "use of the roadway has been open, notorious, continuous and uninterrupted for a period of more than [40] years under a claim of right based upon the dedication on March 19, 1971 and by necessity." Clerk's Papers (CP) at 55. Mr. Bramhall's response supported by declarations from him and his neighbor, Gail Herbst, alleged material facts remained in

2

dispute. Mr. Bramhall declared he had never "seen anyone use the road that the Blankenships now claim a right to for ingress and egress" since living on the property. CP at 101. Ms. Herbst declared she had "never seen the road on [Mr. Bramhall's] property used by anyone to access or exit the Blankenships' property." CP at 103. Mr. Bramhall disputed necessity, declaring the Blankenships have access to their property by other means. Mr. Bramhall then moved to strike inadmissible portions of the Blankenships' complaint and declaration filed in support of summary judgment.

At oral argument, the trial court granted Mr. Bramhall's motion to strike in part as to legal conclusions. The court granted the Blankenships' summary judgment motion, quieted title in the Blankenships, and awarded statutory attorney fees against Mr. Bramhall. Mr. Bramhall appealed.

## ANALYSIS

### A. Implied Easement

The issue is whether the trial court erred in granting summary judgment based on an implied easement. Mr. Bramhall contends the Blankenships did not show admissible evidence of prior use or necessity and left genuine material fact issues disputed.

We review summary judgment orders de novo, engaging in the same inquiry as the trial court. *Woodward v. Lopez*, 174 Wn. App. 460, 467, 300 P.3d 417 (2013). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

No. 32273-4-III
*Blankenship v. Bramhall*

a judgment as a matter of law.'" *Visser v. Craig*, 139 Wn. App. 152, 157, 159 P.3d 453 (2007) (quoting CR 56(c)). Material facts are those upon which the outcome of the litigation depends. *Greater Harbor 2000 v. City of Seattle*, 132 Wn.2d 267, 279, 937 P.2d 1082 (1997).

"The moving party bears the burden of demonstrating that there is no genuine issue of material fact." *Woodward*, 174 Wn. App. at 468. "Once there has been an initial showing of the absence of any genuine issue of material fact, the party opposing summary judgment must respond with more than conclusory allegations, speculative statements, or argumentative assertions of the existence of unresolved factual issues." *Ruffer v. St. Frances Cabrini Hosp.*, 56 Wn. App. 625, 628, 784 P.2d 1288 (1990). Evidence submitted and all reasonable inferences from the evidence are considered in the light most favorable to the nonmoving party. *Woodward*, 174 Wn. App. at 468. When reasonable minds could reach but one conclusion regarding claims of disputed facts, such questions may be determined as a matter of law. *Ruffer*, 56 Wn. App. at 628.

> An implied easement . . . may arise (1) when there has been unity of title and subsequent separation; (2) when there has been an apparent and continuous quasi easement existing for the benefit of one part of the estate to the detriment of the other during the unity of title; and (3) when there is a certain degree of necessity . . . that the quasi easement exist after severance.

*Adams v. Cullen*, 44 Wn.2d 502, 205, 268 P.2d 451 (1954). Unity of title and subsequent separation must exist for an implied easement to arise. *Id.* However, the presence or absence of the other two factors is not conclusive; instead, they serve as

4

aids to construction in determining the presumed intent of the parties as disclosed by the extent and character of the use, "'the nature of the property, and the relation of the separated parts to each other.'" *Woodward*, 174 Wn. App. at 469 (quoting *State v. McPhadden*, 95 Wn. App. 431, 437, 975 P.2d 1033 (1999)).

Necessity means reasonable necessity, not absolute necessity. *Adams*, 44 Wn.2d at 507. "The test of necessity is whether the party claiming the right can, at reasonable cost, on his own estate, and without trespassing on his neighbors, create a substitute." *Id.* Although prior use is a factor in establishing an implied easement, necessity alone can be used where "'the land cannot be used without the easement without disproportionate expense.'" *Woodward*, 174 Wn. App. at 470 (quoting *Fossum Orchards v. Pugsley*, 77 Wn. App. 447, 451, 892 P.2d 1095 (1995)).

Here, the parcels were formerly joined and then separated, satisfying the first factor. But genuine issues of material fact remain regarding the second and third factors. Viewing the evidence in the light most favorable to Mr. Bramhall, no evidence shows whether use of the road was apparent and continuous. While the Plat does show the road, the existence of the road does equal use of the road. The Blankenships' contention that neither Mr. Bramhall nor Ms. Herbst could see the road is directly contradicted by Mr. Bramhall's and Ms. Herbst's declarations indicating they have never seen anyone use the road. Mr. Bramhall declared no one has used the road since he acquired the property in 1985. Prior use of the road is a disputed material fact. The

5

Blankenships' assertion that Mr. Bramhall and Ms. Herbst could not see the road must be left to fact-finding.

While lack of the second factor is not dispositive in an implied easement claim, a material factual issue remains regarding the necessity factor. Mr. Bramhall asserts the Blankenships own land adjacent to their property through which they could construct a new road. The Blankenships argue use of the road is necessary because building an alternate route would be "cost prohibitive" as it involves constructing bridges and/or culverts. CP at 113. The Blankenships support this contention with a declaration from their realtor, Ronald Snyder. The Blankenships' failure to estimate the actual cost of constructing a new road does not by itself mean there is no necessity; an expert's opinion could be helpful to establishing this factor. Yet absent some showing otherwise, a realtor is not necessarily an expert on how much it would cost to build a road.

Viewing the declarations, photographs, and other evidence in the light most favorable to Mr. Bramhall, the nonmoving party, we conclude genuine issues of material fact remain regarding prior use and reasonable necessity. Thus, the trial court erred in granting summary judgment to the Blankenships on their implied easement claim.

## B. Prescriptive Easement

The issue is whether the trial court erred in granting summary judgment based upon a prescriptive easement. Mr. Bramhall contends the Blankenships did not show they used the road prior to 2007 nor was there evidence showing Mr. Bramhall had knowledge of this use. He argues, assuming the Blankenships' use of the road for 10

years was supported by the evidence, no evidence shows the use was adverse. Our review standard remains the same.

As prescriptive rights are not favored, we presume the use of another's property is permissive. *810 Properties v. Jump*, 141 Wn. App. 688, 700, 170 P.3d 1209 (2007). In order to establish a prescriptive easement,

> a claimant must prove 'use of the servient land that is: (1) open and notorious, (2) over a uniform route, (3) continuous and uninterrupted for 10 years, (4) adverse to the owner of the land sought to be subjected, and (5) with the knowledge of such owner at a time when he was able in law to assert and enforce his rights.'

*Drake v. Smersh*, 122 Wn. App. 147, 151, 89 P.3d 726 (2004) (quoting *Kunkel v. Fisher*, 106 Wn. App. 599, 602, 23 P.3d 1128 (2001)) (quotation omitted). A claimant has the burden of establishing the existence of each element. *Id.*

A use is adverse when the claimant "'uses the property as the true owner would, under a claim of right, disregarding the claims of others, and asking no permission for such use.'" *Id.* at 152 (quoting *Kunkel*, 106 Wn. App. at 602). "Use is not adverse if it is permissive." *Id.* Adverse versus permissive use is generally a question of fact, but where the essential facts are not disputed, a court may determine adversity as a matter of law. *Id.* The inference of permissive use applies when a court can reasonably infer the use was permitted by neighborly sufferance or acquiescence. *Kunkel*, 106 Wn. App. at 602; *see also Gamboa v. Clark*, 180 Wn. App. 256, 321 P.3d 1236, *review granted*, 181 Wn.2d 1001, 332 P.3d 984 (2014) (discussing in depth the inference of permissive use). Initial permissive use cannot ripen into a prescriptive right, no matter

7

how long it may continue, "unless there has been a distinct and positive assertion by the dominant owner of a right hostile to the owner of the servient estate." *N.W. Cities Gas Co., v. W. Fuel Co.*, 13 Wn.2d 75, 84, 123 P.2d 771 (1942). Whether use is adverse is measured objectively by looking at the observable acts of the user and the rightful owner. *Dunbar v. Heinrich*, 95 Wn.2d 20, 27, 622 P.2d 812 (1980); *see also N.W. Cities Gas Co.*, 13 Wn.2d at 88 (in determining whether use is adverse and whether a property owner had the requisite notice of the use, "the nature and location of the property involved are material and important considerations").

Mr. Bramhall focuses on (1) whether the Blankenships used the road adversely for the requisite 10-year period and (2) whether he had knowledge of the use at a time when he could assert his legal right to contest it. The Blankenships assert they used the road "as their own, asking permission of no one." CP at 55. The parties' declarations are at odds. The Blankenships argue Mr. Bramhall had constructive knowledge of their road use because the road was marked on the Plat. A factual dispute exists regarding the Carsons' intent to create an easement; Mr. Bramhall is entitled to a reasonable inference the road depicted in the Plat served as a landmark. Viewing the evidence in the light most favorable to Mr. Bramhall, reasonable minds could reach differing conclusions on whether the Blankenships' use was actual, open and notorious, continuous for 10 years, adverse, and known to Mr. Bramhall. In sum, we conclude the trial court erred in relying on adverse possession when granting summary judgment to the Blankenships.

Conclusion

The summary judgment grant, including statutory attorney fees, is reversed. Given the trial court's reliance on implied easement and adverse possession as a basis for granting summary judgment, we refrain from addressing Mr. Bramhall's additional arguments concerning whether the road was a dedicated public or private easement. We deny the Blankenships' request of attorney fees under RAP 14.2 and RAP 18.1 because they have not substantially prevailed here.

Reversed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Brown, J.

WE CONCUR:

_____          _____
Siddoway, C.J.                                      Lawrence-Berrey, J.